Opinion filed October 31, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00148-CV

_____

## IN THE INTEREST OF A.K.L. AND K.C.L., CHILDREN

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CV31420**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order terminating the parental rights of the mother and father of A.K.L. and K.C.L. The mother appeals. We affirm.

*Issues*

The mother presents three issues on appeal. In her first issue, she complains that the trial court failed to announce in open court its ruling that termination of the parent-child relationship between the mother and the children would be in the children's best interest. In her second issue, the mother challenges the legal and factual sufficiency of the best-interest finding. In her third issue, the mother

contends that the trial court erred in appointing the Texas Department of Family and Protective Services as the children's permanent managing conservator because the evidence is legally and factually insufficient to support such an appointment.

*Best Interest Finding*

The mother first asserts that the trial court erred in terminating the mother's parental rights because it failed to orally announce at the conclusion of the final hearing that termination would be in the best interest of the children. The mother cites no authority for her assertion, and we find none. In its written order of termination, the trial court specifically found by clear and convincing evidence that termination of the parent-child relationship between the mother and the children "is in the children's best interest." Moreover, the record from the hearing shows that, although the trial court did not specifically state that termination is in the children's best interest, such a finding can be inferred from the trial court's oral pronouncement. The trial court stated in open court that three of the grounds for termination against the mother were justified and that "[the court] will proceed to a termination of the parental rights of both [parents]. . . . [W]e have a continuation of a very awful and unfortunate cycle for these young children . . . , and it's a tragedy for these children, . . . and I can do what I can do here today . . . to fix that." The trial court also stated in open court, "I'm finding that it's in the children's best interest that the Department be named managing conservators . . . and that . . . the [foster parents] be identified as adoptive placement for these children." We overrule the mother's first issue.

In her second issue, the mother challenges the legal and factual sufficiency of the evidence supporting the best interest finding. The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001 (West Supp. 2013). To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most

2

favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001. The trial court found that the mother committed three of the acts listed in Section 161.001(1): that she knowingly placed or allowed the children to remain in conditions that endangered the children's physical or emotional well-being, that she engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the children's physical or emotional well-being, and that she failed to comply with the provisions of a court order that established the actions necessary for her to obtain the return of the children. The mother does not dispute these findings, and they are supported by the record.

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement,

3

(8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

The record shows that the Department received an intake in November 2011 when the mother attempted suicide by overdosing on medications. The mother had been suffering from severe depression. At the time of the attempted suicide, the mother was living in a dirty hotel room with the children—two-year-old A.K.L. and two-month-old K.C.L.—and the children's father. When the mother attempted suicide, the children were in her care; the father was in court and was not present when the mother took the pills. When the police arrived at the hotel, the father appeared to be "under the influence"; he admitted that he had used methamphetamine that day. The police found marihuana in the room.

The parents had a history with the Department. A.K.L. tested positive at birth for marihuana, and the mother was referred for services. In 2010, both parents were referred to services for marihuana usage and for unsafe, inappropriate housing—they were living out of their car. While this case was pending, the parents did not maintain stable housing and were transient, often depending upon relatives or friends, "living on the street," or staying in an abandoned house. The parents also failed to maintain stable employment. Furthermore, the parents maintained their relationship throughout this case despite the occurrence of domestic violence between them. After the children were removed, the mother was arrested twice: once for public intoxication and once for interfering with a police officer's public duties. The father was arrested numerous times for various crimes.

The children's caseworker testified that it was in the children's best interest for the mother's parental rights to be terminated because the mother had not demonstrated an appropriate "protective capacity" to support her children or keep them safe. The Department's goal for the children is to provide a permanent, stable, and loving home for the children. The children's foster parents provided such a home and desired to adopt the children. The children's guardian ad litem recommended that both parents' rights be terminated and that the foster parents be appointed as the children's permanent managing conservators. The CASA representative also recommended that the foster parents be appointed as the guardians of the children.

Based on the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of the mother's parental rights would be in the best interest of both A.K.L. and K.C.L. We cannot hold that the finding as to best interest is not supported by clear and convincing evidence. The evidence is both legally and factually sufficient to support the finding that termination of the mother's parental rights is in the best interest of the children. The mother's second issue is overruled.

*Managing Conservator*

In her final issue, the mother argues that the evidence was legally and factually insufficient to show that the appointment of the Department as the children's permanent managing conservator was in their best interest. The findings necessary to appoint a nonparent as sole managing conservator need only be established by a preponderance of the evidence. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007). Consequently, we review a trial court's conservatorship decision under a less stringent standard of review than the standard for termination. *Id.* A conservatorship determination is subject to review for an abuse of discretion and may be reversed only if that determination was arbitrary and unreasonable. *Id.*

5

The record shows that the Department's goal for the children was to place them in a stable and permanent home, either through adoption by the current foster parents or, possibly, the mother's sister. The foster parents, with whom the children had lived since removal, sought to adopt the children. The children were thriving in their care. It was not clear at the time of the termination whether placement with the mother's sister was a suitable alternative, and there was evidence indicating that A.K.L. had reexhibited concerning behaviors after a recent visit to the mother's sister's house. Based upon the evidence presented at trial, we cannot hold that the trial court abused its discretion in appointing the Department as the children's managing conservator. The mother's third issue is overruled.

*This Court's Ruling*

We affirm the trial court's order of termination

TERRY McCALL

JUSTICE

October 31, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

6