

## Fourth Court of Appeals

### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-14-00505-CV

**IN THE INTEREST OF A.S. III**, a Child

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2013-PA-02152
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  November 12, 2014

AFFIRMED

This is an accelerated appeal from the trial court's judgment terminating appellant's parental rights to his son, A.S, III.  On appeal, appellant asserts the evidence is insufficient to support a finding that termination is in A.S.'s best interest, and the evidence is insufficient to support the appointment of the Texas Department of Family and Protective Services ("the Department") as managing conservator.  We affirm.

### BACKGROUND

Appellant is the father of eleven-month-old A.S.[1]  A.S. was born on August 12, 2013, and taken into care by the Department shortly after his birth because he tested positive for methadone and showed signs of withdrawal.  At some point in time, A.S. was placed in a foster-to-adopt home

---

[1] The mother's parental rights also were terminated; however, she has not appealed.

with one of his half-siblings who had been adopted by this same family a few years earlier. A.S. has four half-siblings, one with whom he lives, two others who live with another foster family about one block away, and a fourth who lives in Georgetown. Trial on the Department's petition to terminate commenced on July 7, 2014.

Appellant, who was incarcerated at the time of the termination hearing, had been ordered to complete service plans. The Department's caseworker, Jessica Franklin, stated she sent appellant a copy of his plan, but he did not return it to her, and she had no record of appellant completing his plans. She testified that appellant told her he had participated in some courses while incarcerated, but he was unable to provide any certificates. Appellant is a registered sex offender. Appellant was sentenced to a three-year sentence on November 5, 2012. Franklin said that in the eleven months the case had been pending, appellant had not maintained regular contact with his child, or had any visits with the child. She testified appellant had not demonstrated he was able to care for or provide for his child on a long-term basis.

Franklin said she believed termination was in the child's best interest because the child has been "in that placement for a while," his needs were being met, and he had bonded with his foster parents. She said she received two letters from appellant over the past three months. She responded to both, but has not heard from him since his second letter. Franklin stated that prior to contacting her in the last three months, appellant had made no attempt to contact the Department. Franklin admitted the letters indicated appellant was interested in his child and he asked her to consider his mother as a placement. Franklin said she attempted to call appellant's mother on three occasions, but her calls were not returned.

The only other witness at the hearing was appellant. He said his discharge date was January 10, 2016, but it was possible he could be released on May 16, 2015. When asked what he wanted to happen, appellant responded, "My first daughter got taken away from me and I don't want this

to happen to my son. I don't care what his mom is doing, I just want my son, please." When asked who would care for A.S. while he was incarcerated, appellant said his (appellant's) mother. However, appellant said he spoke to his mother about taking A.S., and she refused. When he spoke to his mother, she told him A.S. was placed "with [A.S.'s mother's] older kids' foster parents. I don't know who he's placed with, but she was telling me that that's how she knew that he was somewhere."

## BEST INTEREST

A trial court may order termination of the parent-child relationship only if the court finds by clear and convincing evidence one or more statutory grounds for termination and that termination is in the child's best interest. TEX. FAM. CODE ANN. § 161.001(1), (2) (West 2014); § 161.206(a). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE § 101.007. We review the sufficiency of the evidence to support the termination of parental rights under the well-established standards for legal and factual sufficiency of the evidence. *See In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). There is a strong presumption that keeping a child with a parent is in the child's best interest. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). However, when the court considers factors related to the best interest of the child, "the prompt and permanent placement of the child in a safe environment is presumed to be in the child's best interest." TEX. FAM. CODE § 263.307(a). In determining whether a child's parent is willing and able to provide the child with a safe environment, the court should consider: (1) the child's age and physical and mental vulnerabilities; (2) the frequency and nature of out-of-home placements; (3) the magnitude, frequency, and circumstances of the harm to the child; (4) whether the child has been the victim of repeated harm after the initial report and intervention by the Department or other agency; (5) whether the child is fearful of living or

returning to the child's home; (6) the results of psychiatric, psychological, or developmental evaluations of the child, the child's parents, other family members, or others who have access to the child's home; (7) whether there is a history of abusive or assaultive conduct by the child's family or others who have access to the child's home; (8) whether there is a history of substance abuse by the child's family or others who have access to the child's home; (9) whether the perpetrator of the harm to the child is identified; (10) the willingness and ability of the child's family to seek out, accept, and complete counseling services and to cooperate with and facilitate an appropriate agency's close supervision; (11) the willingness and ability of the child's family to effect positive environmental and personal changes within a reasonable period of time; (12) whether the child's family demonstrates adequate parenting skills; and (13) whether an adequate social support system consisting of an extended family and friends is available to the child. *Id.* § 263.307(b).

Courts also may apply the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.*

Finally, evidence that proves one or more statutory grounds for termination may constitute evidence illustrating that termination is in the child's best interest. *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002) (holding same evidence may be probative of both section 161.001(1) grounds and best

interest, but such evidence does not relieve the State of its burden to prove best interest). A best-interest analysis may consider circumstantial evidence, subjective factors, and the totality of the evidence as well as the direct evidence. *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied). A trier of fact may measure a parent's future conduct by his past conduct and determine whether termination of parental rights is in the child's best interest. *Id.*

There is very little evidence in this record on any of the above factors. However, we conclude the evidence that does exist legally and factually supports the trial court's best interest finding. A.S. is in a foster home with a family that has already adopted one of his half-siblings and that lives a short distance from another family that fosters two other half-siblings. Although appellant testified he wants his son back, appellant did not state he had any support system other than his mother who refused to take A.S. Appellant's rights to a daughter had been previously terminated. Appellant is a registered sex offender, for the offense of aggravated sexual assault of a child. He did not state he had any employment or housing prospects once released from incarceration except to speculate he may be released to a half-way house. Appellant had little to no idea where his son was placed, except that A.S. was "with [A.S.'s mother's] older kids' foster parents." Franklin testified appellant told her he had "participated in some courses while he was incarcerated," but appellant did not testify he had attempted to begin, much less complete, any of the requirements in his service plan. We must conclude this evidence is legally and factually sufficient to support the trial court's best interest finding.

## APPOINTMENT OF DEPARTMENT AS MANAGING CONSERVATOR

In his last issue, appellant asserts the evidence is legally and factually insufficient to support the Department's appointment as managing conservator. "[T]he quantum of proof required to support a termination decision differs from the level necessary to support a conservatorship appointment." *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007). Termination

decisions must be supported by clear and convincing evidence. TEX. FAM. CODE § 161.001. "Due process compels this heightened standard because terminating the parent-child relationship imposes permanent, irrevocable consequences." *In re J.A.J.*, 243 S.W.3d at 616. "On the other hand, a finding [such as the one in this case] that appointment of a parent as managing conservator would significantly impair the child's physical health or emotional development is governed by a preponderance-of-the-evidence standard." *Id.*; *see* TEX. FAM. CODE § 105.005. "These differing proof standards, in turn, affect the method of appellate review, which is more stringent for termination decisions than for those regarding conservatorship." *In re J.A.J.*, 243 S.W.3d at 616. Conservatorship determinations are subject to review only for an abuse of discretion, and may be reversed only if the decision is arbitrary and unreasonable. *Id.* In this case, based on our review of the record, we cannot say the trial court abused its discretion in appointing the Department as A.S.'s managing conservator.

## CONCLUSION

For the reasons stated above, we overrule appellant's issues on appeal and affirm the trial court's Order of Termination.

Sandee Bryan Marion, Justice