

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00654-CV

**IN THE INTEREST OF L.A.A.**, L.B.A., and K.S., Children

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-PA-02644
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:        Karen Angelini, Justice
               Rebeca C. Martinez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:   March 11, 2015

AFFIRMED

Appellant Saddie B. (Mother) appeals the trial court's order terminating her parental rights to her three children. We affirm the judgment of the trial court.

## BACKGROUND

The final termination hearing in this matter was held on September 4, 2014. The only witness at the hearing was Antonio Villegas, the caseworker with the Texas Department of Family and Protective Services. Mother did not appear at the termination hearing. Villegas testified that Mother and her youngest child, K.S., both tested positive for benzodiazepines when K.S. was born on July 1, 2013. K.S. and Mother's other children, L.A.A. and L.B.A., were removed by the Department on October 31, 2013. *See* TEX. FAM. CODE ANN. § 262.104 (West 2014) (authorizing the Department's emergency removal of a child based on immediate danger to the physical health

or safety of the child). A family service plan was designed for Mother which permitted her to visit the children three times per month. Villegas testified that during the almost one year pendency of the Department's case, Mother failed to comply with the parts of her family service plan that required her to engage in counseling for anger management, domestic violence, empowerment, and parenting, individual counseling and in-patient drug treatment for thirty days. Mother "mostly" exercised her visitation rights with the children, although she "tended to cancel a lot." Finally, Villegas testified that during the pendency of the case the three children have been in a safe and stable foster home, and have bonded with the family and are doing well. In addition, the foster family has expressed a desire to adopt the children.

At the end of the termination hearing, the trial court found the following two statutory grounds for termination of Mother's parental rights: (i) constructive abandonment of the children who have been in the permanent or temporary managing conservatorship of the Department for not less than six months; and (ii) failure to comply with the provisions of a court order establishing the specific actions necessary for return of the children. *See id.* §§ 161.001(1)(N), (O) (West 2014). The trial court further found that termination was in the best interest of the children. *See id.* § 161.001(2) (West 2014). Mother now appeals.

ANALYSIS

Mother asserts on appeal that the evidence is legally and factually insufficient to support the court's findings of the two statutory grounds for termination and its finding that termination of her parental rights is in the children's best interest.

### *Standard of Review*

To terminate parental rights pursuant to section 161.001 of the Family Code, the Department has the burden to prove: (1) one of the predicate grounds in subsection 161.001(1); and (2) that termination is in the best interest of the child. *Id.* § 161.001(1), (2); *In re A.V.*, 113

S.W.3d 355, 362 (Tex. 2003). The applicable burden of proof is the clear and convincing standard. TEX. FAM. CODE ANN. § 161.206(a) (West 2014); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2014). Due process demands this heightened standard because termination results in permanent, irrevocable changes for the parent and child. *In re J.F.C.*, 96 S.W.3d at 263; *see In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007) (contrasting standards for termination and modification of conservatorship order).

In reviewing the legal sufficiency of the evidence to support the termination of parental rights, we view all the evidence in the light most favorable to the trial court's findings and judgment to determine whether a reasonable trier of fact could have formed a firm belief or conviction that the findings are true. *In re J.F.C.*, 96 S.W.3d at 266. We assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so, and we disregard all evidence that a reasonable factfinder could have disbelieved. *Id.* We defer to the factfinder's determinations of witness credibility and weight of the evidence as long as they are not unreasonable. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005); *In re E.D.*, 419 S.W.3d 615, 619 (Tex. App.—San Antonio 2013, pet. denied) (noting reviewing court may not disregard evidence that does not support the trial court's best interest finding).

In reviewing factual sufficiency, we examine the entire record to determine whether the disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. *In re J.F.C.*, 96 S.W.3d at 266. "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.*

*Statutory Grounds*

In her first two issues, Mother challenges the legal and factual sufficiency of the evidence to support the two statutory grounds of constructive abandonment and failure to comply with the family service plan. *See* TEX. FAM. CODE ANN. §§ 161.001(1)(N), (O). Even though multiple grounds under subsection 161.001(1) may be alleged, the Department is required to prove only one statutory ground, along with best interest, to support a termination order. *In re A.V.*, 113 S.W.3d at 362; *In re S.F.*, 32 S.W.3d 318, 320 (Tex. App.—San Antonio 2000, no pet.).

We turn first to the court's finding that Mother failed to comply with the provisions of a court order establishing the actions necessary for the children's return, i.e., the family service plan. *See* TEX. FAM. CODE ANN. § 161.001(1)(O). Mother asserts the evidence was insufficient in two respects: (i) there was no testimony to establish the Department had been temporary managing conservator of the children for not less than nine months as required by subsection 161.001(1)(O), and (ii) there was no testimony that the caseworker made all the referrals and authorizations necessary for Mother to participate in the required family services.

As to Mother's first complaint, the record contains the trial court's order appointing the Department as temporary managing conservator of the children on November 12, 2013, more than nine months before the termination hearing on September 4, 2014. "A trial court may take judicial notice of its own records in matters that are generally known, easily proven, and not reasonably disputed." *In re J.E.H.*, 384 S.W.3d 864, 870 (Tex. App.—San Antonio 2012, no pet.). Even with a silent record, we may presume the trial court took judicial notice of its own order contained in its court file without any request being made or any announcement on the record that it did so. *Id.* at 869-70. Thus, we may presume the trial court took judicial notice of its November 12, 2013 order in which it appointed the Department as temporary managing conservator of the children.

*See id.* at 870 (holding trial court could properly take judicial notice that it signed an order adopting the family service plan and of the requirements of the plan).

As to Mother's second complaint regarding the necessary referrals and authorizations for her family services, the caseworker testified that Mother did submit to the required psychological assessment and drug and alcohol evaluation, which recommended in-patient treatment. The caseworker further testified that Mother did enter an in-patient drug treatment facility; however, she only completed twenty of the thirty days required by her family service plan. Mother also failed to follow the psychological recommendations. Finally, Villegas testified that Mother was set up for thrice monthly scheduled visitations with the children. She did not, however, attend all the visitations; indeed, she missed two of the three scheduled visits in the month preceding the final termination hearing. This evidence establishes that the necessary authorizations were made for Mother to engage in at least some of the services required by her family service plan, but that she failed to successfully complete those services.

We conclude the evidence is legally and factually sufficient to support the challenged elements of subsection 161.001(1)(O), failure to comply with the family service plan, as a predicate ground for termination of Mother's parental rights. Because only one statutory ground under subsection 161.001(1) is necessary to support a judgment of termination, we need not address the sufficiency of the evidence under subsection 161.001(1)(N). *See In re S.F.*, 32 S.W.3d at 320.

### *Best Interest*

Mother also challenges the evidence as legally and factually insufficient to support the trial court's finding that termination of her parental rights is in the children's best interest. *See* TEX. FAM. CODE ANN. § 161.001(2) (requiring clear and convincing evidence "that termination is in the best interest of the child"). There is a strong presumption that keeping a child with a parent is in

the child's best interest. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). At the same time, prompt and permanent placement of the child in a safe environment is also presumed to be in the child's best interest. *See* TEX. FAM. CODE ANN. § 263.307(a) (West 2014).

We review the entire record to determine a child's best interest. *In re E.C.R.*, 402 S.W.3d 239, 250 (Tex. 2013). The same evidence may be probative of both a statutory ground under subsection (1) and best interest under subsection (2) of section 161.001. *Id.* at 249; *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002). Nonexclusive factors that the trier of fact in a termination case may also use in determining the best interest of the child include: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans for the child by these individuals or by the agency seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976) (citations omitted); *see In re E.C.R.*, 402 S.W.3d at 249 (stating that in reviewing a best interest finding, "we consider, among other evidence, the *Holley* factors"). These factors are not exhaustive; some listed factors may be inapplicable to some cases. *In re C.H.*, 89 S.W.3d at 27. Furthermore, undisputed evidence of just one factor may be sufficient in a particular case to support a finding that termination is in the best interest of the child. *Id.* On the other hand, the presence of meager evidence relevant to each factor will not support such a finding. *Id.*

### i.       Children's desires and plans for the children

L.A.A. and L.B.A. are both three years old, and K.S. is one year old. No direct evidence was admitted regarding the children's desires. When children are too young to express their desires,

the factfinder may consider that the children have bonded with the foster family, are well-cared for by them, and have spent minimal time with a parent. *See In re J.D.*, 436 S.W.3d 105, 118 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Villegas, the caseworker, testified that, as of the hearing date, the children have been together in the care of a foster family for almost one year, have bonded with the foster parents, and are doing well. Villegas also testified that the foster parents can provide the children with a safe and stable home which meets the children's needs. He further testified that the foster family is a suitable, long-term placement and the family has expressed a desire to adopt the children.

###### ii. Needs of the children, Mother's parenting abilities, and stability of the home

There was no evidence that any of the children have special needs, except that K.S. tested positive for benzodiazepines when he was born. As to Mother's parenting abilities, Villegas testified that Mother is a drug user who failed to complete the thirty days of in-patient drug treatment and the anger management, domestic violence, empowerment, and parenting counseling treatment required by her family service plan. In addition, Mother has "for the most part" attended the three visits allowed with her children each month, but has also "tended to cancel a lot" and only saw them once during the month preceding the final termination hearing. Finally, Villegas testified that Mother has not shown that she can provide the children with a safe and stable home.

###### iii. Present and future emotional and physical danger to the children

The same evidence may be probative of both subsection 161.001(1) grounds and best interest, although such evidence does not relieve the State of its burden to prove best interest. *See In re C.H.*, 89 S.W.3d at 28. Thus, the trial court was free to consider the evidence of Mother's drug abuse and failure to complete treatment and counseling for her drug addiction issues. As noted, K.S. tested positive for benzodiazepines when he was born. During the approximately one year period after the children were removed by the Department, Mother failed to address her drug

abuse issues by submitting to the thirty-day in-patient drug treatment and addiction counseling required by her family service plan. *See In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009) (stating "a parent's use of narcotics and its effect on his or her ability to parent may qualify as an endangering course of conduct"). In addition, as noted, Mother was ordered to undergo anger management and domestic violence counseling but failed to do so.

### iv. Availability of assistance

This factor considers whether programs are available to assist the person seeking custody in promoting the best interests of the child. *See Holley*, 544 S.W.2d at 372. Villegas stated that a family service plan was created for Mother which listed the actions necessary for the Department to return her children to her care. Villegas testified that Mother did complete a psychological evaluation and a drug and alcohol assessment, which resulted in a recommendation for in-patient drug treatment for thirty days. Mother completed only twenty days of the in-patient drug treatment and did not follow up on the psychological recommendations. Mother also failed to complete other services in her family service plan, including counseling for anger management, domestic violence, empowerment, and parenting, as well as individual counseling. Villegas testified that overall Mother made "no progress" on her family service plan.

### v. Parental acts or omissions

These factors consider acts and omissions by the parent that indicate the existing parent-child relationship is not a proper one, and any excuses therefor. *See id.* As detailed above, the evidence raised concerns regarding Mother's drug use and lack of willingness to submit to in-patient drug treatment and the recommended counseling services in order to obtain the return of her children. In addition, despite being informed of the date of the final termination hearing, Mother did not attend the termination hearing. Villegas testified that when he reminded her of the hearing date the week before, Mother stated she did not want to attend if her parental rights were

going to be terminated. Villegas testified that, if the children were to be returned to Mother, there would be a "continued concern for their welfare based on her inability to remedy the issues" that brought the children into the Department's care. Villegas stated that, in his opinion, it was in the children's best interest to terminate Mother's parental rights.

In sum, as to the children's best interest, there was no evidence that Mother has the ability to provide the children with a safe and stable home environment. *See In re T.G.R.-M.*, 404 S.W.3d 7, 17 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("Stability is important in a child's emotional and physical development."). To the contrary, the evidence established that Mother has drug abuse and addiction issues which she chose not to address by failing to complete the recommended in-patient drug treatment and counseling services listed in her family service plan. One of her children, K.S., tested positive for drugs at his birth. In addition to failing to complete her family service plan, Mother chose not to attend the termination hearing at which her children's future was decided. The caseworker testified that Mother is not able to provide the children with a safe and stable home. Finally, there was evidence that the three children have been together in a safe and stable foster home during the one-year pendency of the Department's case, they are doing well in the foster home, and the foster family has indicated a desire to adopt all three children.

Based on this record, we conclude that the evidence is legally and factually sufficient to support the court's finding that termination of Mother's parental rights is in the children's best interest. *See* TEX. FAM. CODE ANN. § 161.001(2); *Holley*, 544 S.W.2d at 371-72.

## CONCLUSION

Based on the foregoing reasons, we overrule Mother's issues on appeal and affirm the trial court's order terminating her parental rights to her three children.

Rebeca C. Martinez, Justice