

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00175-CV

IN THE INTEREST OF B.C.,
A CHILD

----------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY
TRIAL COURT NO. 13-00575

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

This is an ultra-accelerated appeal[2] in which Appellants C.H. (Mother) and

K.C. (Father) appeal the termination of their parental rights to their child Bob.[3]  In

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. R. Jud. Admin. 6.2(a) (requiring appellate court to dispose of appeal from a judgment terminating parental rights, so far as reasonably possible, within 180 days after notice of appeal is filed).

[3]*See* Tex. R. App. P. 9.8(b)(2) (requiring court to use aliases to refer to minors in an appeal from a judgment terminating parental rights).

a single issue, Mother argues that the trial court abused its discretion by allowing the foster parents to testify. Because we hold that the trial court did not abuse its discretion by admitting the foster parents' testimony, which was probative of the best-interest finding, we will affirm the trial court's judgment terminating Mother's parental rights to Bob. Pursuant to a settlement agreement between Father and the Department of Family and Protective Services (the Department), we will reverse the trial court's judgment terminating Father's parental rights to Bob and remand for a new trial but will affirm the trial court's conservatorship appointment.

## II. MOTHER'S APPEAL[4]

In her sole issue, Mother argues that the trial court abused its discretion by admitting the testimony of Bob's foster parents, which Mother claims should have been excluded under Texas Rule of Evidence 403 because it was more prejudicial than probative, caused confusion of the issues, and misled the jury.

The foster parents testified, over Mother's objection, that they were licensed foster parents, that their home had been approved by a licensed social worker in a social study, that they each passed background checks, and that they were motivated by adoption to provide foster care. They also testified that Bob is healthy and well cared for in their home and that they have a strong bond with him. The foster father testified that he wanted to be able to provide Bob with

---

[4]Because Father expressly waived his challenge to the legal sufficiency of the evidence, because the Department conceded error as to the factual sufficiency issue that Father presents on appeal, and because Mother did not challenge any of the termination findings, we omit a factual background.

every opportunity that he can afford and every level of education that he can afford. Both foster parents testified that they would want to adopt Bob if the biological parent's rights were terminated.

A trial court's rulings in admitting evidence are reviewable under an abuse-of-discretion standard. *Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 235 (Tex. 2011); *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis in the record for the ruling. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

Texas Rule of Evidence 403 provides that although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." Tex. R. Evid. 403. Because the best interest of the child must always be the primary consideration in a parental-rights termination case, evidence relevant to the best interest of the child will seldom be excluded under rule 403. *Garza v. Garza*, 217 S.W.3d 538, 555 (Tex. App.—San Antonio 2006, no pet.) (stating that rule 403 is an extraordinary remedy to be used sparingly in parental-rights termination cases); *In re J.W.*, 113 S.W.3d 605, 612 (Tex. App.—Dallas 2003, pet. denied), *cert. denied*, 543 U.S. 965 (2004); *In re C.Q.T.M.*, 25 S.W.3d 730, 736 (Tex. App.—Waco 2000, pet. denied).

Mother agrees that the foster parents' testimony was probative of the best-interest determination. She argues, however, that the Court-Appointed Special Advocate volunteer, who testified after the foster parents, was "able to provide the same probative value of testimony as the foster parents[] without raising the extremely prejudicial contrast between the affluence of the foster parents and [Mother]."

The jury here was charged with determining whether it was in Bob's best interest for Mother's parental rights to be terminated. The factors the jury was to consider included the desires of the child, the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the parental abilities of the individuals seeking custody, the programs available to assist these individuals to promote the best interest of the child, the plans for the child by these individuals or by the agency seeking custody, the stability of the home or proposed placement, the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one, and any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). The testimony provided by the foster parents is probative of several of the best-interest factors, including the parental abilities of the individuals seeking custody, the plans for the child by the individuals seeking custody, and the stability of the proposed placement. Given the benign nature of the foster parents' testimony, which did not include testimony concerning their household income or alleged "affluence," the foster

4

parents' testimony's probative value was not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* Tex. R. Evid. 403; *In re K.D.L.*, No. 09-14-00348-CV, 2014 WL 5776180, at *3 (Tex. App.—Beaumont Nov. 6, 2014, no pet.) (mem. op.) (holding testimony by daughter-in-law of child's foster parents that she and her husband became foster parents in Oklahoma solely for the purpose of adopting mother's two children was not unfairly prejudicial); *In re C.S.*, No. 13-13-00095-CV, 2013 WL 3895818, at *8 (Tex. App.—Corpus Christi July 25, 2013, no pet.) (mem. op.) (holding foster mother's testimony about child's current living conditions and her plans to adopt child was "exactly the type of evidence that the Texas Supreme Court [in *C.H.*] has deemed relevant to determining the best interests of the child"). We therefore hold that the trial court did not abuse its discretion by admitting the foster parents' testimony, and we overrule Mother's sole issue.

### III. FATHER'S APPEAL

In his sole issue, Father argues that the evidence is legally and factually insufficient to support the endangerment findings under Texas Family Code section 161.001(b)(1)(D) and (E). *See* Act of Mar. 30, 2015, 84th Leg., R.S., S.B. 219, ch. 1, § 1.078, sec. 161.001(b), 2015 Tex. Sess. Law Serv. 1, 18–20 (West) (to be codified as an amendment to Tex. Fam. Code Ann. § 161.001) (hereinafter cited as Tex. Fam. Code Ann. § 161.001(b)). Following the submission of Father's brief, the Department and Father entered into a settlement agreement after the Department conceded that factually insufficient

5

evidence was introduced at trial to support the jury's findings that Father had endangered Bob. Upon this court's request, Father and the Department submitted an agreed letter brief setting forth their agreement as follows: (1) the Department conceded that the evidence is factually insufficient as to the findings under Texas Family Code section 161.001(b)(1)(D) and (E); (2) Father conceded that he is not challenging the judgment's conservatorship designation and that it should remain undisturbed and that he is not challenging the judgment's best-interest determination; and (3) the case should be reversed and remanded for further proceedings before the trial court as to Father only. Father submitted an additional letter brief, signed by both Father and his attorney, in which he states that he "waives the claim that the evidence was legally insufficient and makes his claim based only, and in agreement with Appellee, that the evidence adduced at trial in this cause was factually insufficient to support the findings of the jury that [his] parental rights should be terminated." In accordance with the agreement signed by the attorneys, we sustain Father's sole remaining issue as to factual insufficiency and effectuate the agreement between the Department and Father; we reverse the portion of the judgment terminating Father's parental rights to Bob and remand for further proceedings, and we affirm the trial court's conservatorship appointment. *See* Tex. R. App. P. 42.1(a)(2)(A); *In re J.A.J.*, 243 S.W.3d 611, 613, 617 (Tex. 2007) (holding that reversal of a termination judgment does not affect the trial court's conservatorship appointment absent assigned error when the trial court finds that appointing a parent as conservator

6

would significantly impair the child's physical health or emotional development and that appointment of the Department is in the child's best interest).

## IV. CONCLUSION

Having sustained Father's sole remaining issue as to factual insufficiency, we reverse the trial court's judgment terminating Father's parental rights to Bob and remand for a new trial and we affirm the trial court's conservatorship appointment. Having overruled Mother's sole issue, we affirm the trial court's judgment terminating her parental rights to Bob.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER, GABRIEL, and SUDDERTH, JJ.

DELIVERED: October 15, 2015