**In the Interest of J.A.J., A Child.**

**No. 07–0511.**

Supreme Court of Texas.

Nov. 2, 2007.

Rehearing Denied Feb. 8, 2008.

612

Michael A. Stafford, Harris County Atty., Sandra D. Hachem, Harris County Sr. Asst. Atty., and Francesca Anna Aguirre–Saldana, Houston, for Petitioner.

Evan B. Glick, William B. Connolly and William Leslie Shireman, William B. Connolly & Associates, Houston, for Respondent.

Thomas D. Montgomery, Houston, for Party In Interest.

William M. Thursland, Law Office of William M. Thursland, Houston, for Party In Interest.

Justice O'NEILL delivered the opinion of the Court.

In this case, the trial court terminated a mother's parental rights to her child and appointed the Department of Family and Protective Services [1] the child's sole managing conservator, finding that appointment of a parent as the child's conservator would significantly impair his physical health or emotional development. The mother claimed on appeal that the evidence was insufficient to support the termination decision, but she did not assign error to the conservatorship appointment. The court of appeals determined the evidence to be insufficient to support termination under section 161.001(1)(D) and (E) of the Texas Family Code and reversed the trial court's judgment, including that portion appointing the Department as the child's conservator. 225 S.W.3d 621, 631–32. We must decide the effect of a termination judgment's reversal on an unchallenged conservatorship appointment when the trial court finds that appointing a par-

---

1. When the abuse alleged in this case occurred, the agency was known as the Texas Department of Protective and Regulatory Services. The agency's name has since changed to the Department of Family and Protective Services. We refer to both as "the Department" in this opinion.

ent as conservator would significantly impair the child's physical health or emotional development, and that appointment of the Department is in the child's best interest, an issue on which our courts of appeals are divided. We conclude that reversal of a termination judgment in these circumstances does not affect the trial court's conservatorship appointment absent assigned error. Accordingly, we reverse that portion of the court of appeals' judgment that reverses the trial court's appointment of the Department as the child's sole managing conservator.

## I

In 2003, the Department filed a "Petition for Protection of a Child, Conservatorship, and for Termination in Suit Affecting Parent–Child Relationship" based on allegations that J.A.J. had been abused. In Section 13 of the form complaint, the Department requested that it be appointed J.A.J.'s sole managing conservator "[p]ursuant to [Texas Family Code] §§ 153.005 and 263.404." Citing section 151.131 of the Family Code, the Department contended that appointment of a parent would not be in J.A.J.'s best interest because it "would significantly impair the [child's] physical health or emotional development." The Department requested termination of Angeline Jackson's and an unknown father's parental rights.

After a bench trial, the trial court found by clear and convincing evidence that Jackson had knowingly placed or allowed J.A.J. to remain in conditions that endangered his well-being, and engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered him. It also found by clear and convincing evidence that termination of the parent-child relationship was in J.A.J.'s best interest. The court further found that appointment of a parent as J.A.J.'s managing conservator would not be in his best interest

> because the appointment would significantly impair the child's physical health or emotional development; and (2) it would not be in the best interest of the child to appoint a relative of the child or another person as managing conservator.

The court, determining that it would be in the child's best interest, appointed the Department as J.A.J.'s sole managing conservator.

Jackson appealed the judgment terminating her parental rights, contending the evidence was legally and factually insufficient to support termination under section 161.001(1) of the Family Code.[2] The court of appeals agreed, and reversed the trial court's judgment terminating Jackson's parental rights. 225 S.W.3d at 631. Although Jackson did not separately challenge the trial court's findings supporting designation of the Department as J.A.J.'s conservator, the court of appeals also reversed that portion of the trial court's decree. *Id.* at 631–32.[3] On appeal to this Court, the Department challenges only the portion of the court of appeals' judgment that reverses its appointment as J.A.J.'s

---

2. Jackson also challenged the trial court's finding that termination was in J.A.J.'s best interest. Because it determined that the evidence to support findings under section 161.001(1) was legally insufficient, the court of appeals did not consider whether the evidence that termination was in J.A.J.'s best interest was legally or factually insufficient. 225 S.W.3d at 631.

3. The Department's Motion for Rehearing En Banc was denied by a closely divided court, with the dissenting justices emphasizing a division on the issue among the courts of appeals and even among panels of their own court. 225 S.W.3d at 632 (Frost, J., dissenting).

managing conservator, arguing that the reversal was improper because error was not assigned. We grant the Department's petition for review to resolve a conflict among the courts of appeals concerning whether it is necessary to specifically assign error to the Department's appointment as conservator when a judgment terminating parental rights is reversed.[4]

## II

We begin our analysis by examining the relevant statutory provisions. Sections 153.002, 153.005, and 153.131 of the Texas Family Code outline the general standards for determining conservatorship. TEX. FAM.CODE §§ 153.002, 153.005, 153.131. Section 153.002 provides that the primary consideration in determining issues of conservatorship and possession of and access to the child is always the child's best interest. *Id.* § 153.002. Section 153.005 authorizes the appointment of a managing conservator, and provides that the managing conservator must be "a parent, a competent adult, an authorized agency, or a licensed child-placement agency." *Id.* § 153.005. The Code creates a rebuttable presumption that a parent will be named a child's managing conservator, unless the court finds that such appointment would not be in the child's best interest "because the appointment would significantly impair the child's physical health or emotional development" or finds that there is a history of family violence involving the parents. *Id.* § 153.131. If the court terminates the parents' rights, the court must appoint a suitable, competent adult, the Department, a licensed child-placing agency, or an authorized agency, as the child's managing conservator. *Id.* § 161.207.

Section 263.404 of the Family Code allows the court to render a final order appointing the Department as the child's conservator without terminating parental rights if the court finds that (1) a parent's appointment would not be in the child's best interest because the appointment would significantly impair the child's physical health or emotional development, and (2) appointment of a relative of the child or another person would not be in the child's best interest. *Id.* § 263.404(a). In deciding whether to appoint the Department without terminating the parents' rights, the court must take the following factors into consideration:

(1) that the child will reach 18 years of age in not less than three years;

(2) that the child is 12 years of age or older and has expressed a strong desire against termination or being adopted;

(3) that the child has special medical or behavioral needs that make adoption of the child unlikely; and

(4) the needs and desires of the child.

*Id.* § 263.404(b).

Jackson contends that section 263.404 applies only when the Department does not seek to terminate parental rights in the trial court proceedings and is thus inapplicable when, as here, termination is sought and obtained but is later reversed on appeal. In such an instance, Jackson argues, the trial court's appointment of the Department is necessarily a consequence of the termination proceedings and is not independently supportable. We agree that section 263.404 does not apply when the trial court's order terminates parental rights, but disagree that the Department

---

**4.** *See, e.g., Colbert v. Dep't of Family & Prot. Servs.,* 227 S.W.3d 799 (Tex.App.-Houston [1st Dist.] 2007, pet. filed); *Walker v. Dep't of Family & Prot. Servs.,* 2007 WL 4465427 (Tex. App.-Houston [1st Dist.] 2007, no pet. hist.); *Earvin v. Dep't of Family & Prot. Servs.,* 229 S.W.3d 345 (Tex.App.-Houston [1st Dist.] 2007, no pet. hist.); *In re J.R.,* 222 S.W.3d 817, 819 (Tex.App.-Houston [14th Dist.] 2007, no pet. hist).

was appointed in this case solely as a consequence of the termination proceedings.

■ The Family Code contains a number of provisions that govern conservatorship, the proper application of which turns on whether or not the trial court orders termination. Sections 161.205 and 263.404 apply, by their terms, to instances in which the trial court denies termination. Section 161.205, entitled "Order Denying Termination," provides that, "[i]f the court *does not order termination* of the parent-child relationship, the court shall: (1) deny the petition; or (2) render any order in the best interest of the child." *Id.* § 161.205 (emphasis added). Section 263.404, which is entitled "Final Order Appointing Department as Managing Conservator Without Terminating Parental Rights," allows the court to appoint the Department as the child's conservator *"without terminating the rights* of the parent of the child" if the court makes the findings the statute requires. *Id.* § 263.404 (emphasis added). By their plain language, these sections apply only when the trial court *does not* order termination of the parent-child relationship, and for that reason they have no application here.

■ In this case, though, the Department sought appointment as J.A.J.'s conservator on alternate grounds, presumably because it could not know for certain what the trial court's final order would be. The Department also requested conservatorship pursuant to sections 153.005 and 153.131. Section 153.005 provides generally that in a suit affecting the parent-child relationship, "the court may appoint a sole managing conservator or may appoint joint managing conservators." *Id.* § 153.005. The Family Code presumes that a parent should be appointed the child's managing conservator "unless the court finds that appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development." *Id.* § 153.131(1). Here, the trial court terminated Jackson's parental rights with respect to J.A.J. and found that appointment of a parent as J.A.J.'s managing conservator would not be in his best interest because it would significantly impair his physical health or emotional development. It also found that appointment of the Department as managing conservator was in J.A.J.'s best interest. These findings satisfy not only the fundamental requirement that the court consider the best interest of the child, *see id.* § 153.002, but also the more specific findings necessary to justify the Department's appointment under section 153.131. That the court also found it would not be in J.A.J.'s best interest to appoint a relative or another person as a managing conservator, tracking the language of section 263.404(a)(2), does not nullify its other best interest findings, and the findings certainly do not conflict. Jackson did not specifically appeal these findings or the conservatorship order and, for several reasons, we conclude that a challenge was not subsumed in her challenge of the termination decision.

First, the elements necessary to terminate parental rights may differ from the factors that must be taken into account when deciding who should be appointed a child's managing conservator. In order to terminate the parent-child relationship, section 161.001(1) of the Family Code requires a court to find that one or more of the nineteen criteria listed in that section are satisfied. Section 161.001(1) defines with some precision parental conduct amounting to abandonment, neglect, or endangerment that may justify termination. For example, termination may be justified if a parent voluntarily leaves the child in a

nonparent's possession with an expressed intent not to return, *id.* § 161.001(1)(A), if the parent has failed to support the child in accordance with the parent's ability for a specified period, *id.* § 161.001(1)(F), or has engaged in conduct that endangers the child's physical or emotional well-being, *id.* § 161.001(1)(E). Section 153.131(a), in contrast, imposes a more general standard that does not enumerate specific acts or omissions by the parent, but instead requires the court to find that appointing a parent would not be in the child's best interest because it would "significantly impair the child's physical health or emotional well-being." *Id.* § 153.131(a). Undoubtedly, the fundamental concern underlying both section 161.001(1) and 153.131(a) is the same: the child's ultimate well-being. But the evidence supporting termination under the specific criteria in section 161.001(1) could be insufficient, and at the same time still support the determination that appointment of a parent as conservator would impair the child's physical health or emotional development for reasons unrelated to the section 161.001(1) criteria.

Moreover, the quantum of proof required to support a termination decision differs from the level necessary to support a conservatorship appointment. Termination decisions must be supported by clear and convincing evidence. *Id.* § 161.001. Due process compels this heightened standard because terminating the parent-child relationship imposes permanent, irrevocable consequences. *Santosky v. Kramer*, 455 U.S. 745, 759, 769–70, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); *see also In re J.F.C.*, 96 S.W.3d 256 (Tex. 2002). On the other hand, a finding that appointment of a parent as managing conservator would significantly impair the child's physical health or emotional development is governed by a preponderance-of-the-evidence standard. Tex. Fam.Code § 105.005; *see Lewelling v. Lewelling*, 796 S.W.2d 164, 167 (Tex.1990). These differing proof standards, in turn, affect the method of appellate review, which is more stringent for termination decisions than for those regarding conservatorship. *See In re J.F.C.*, 96 S.W.3d at 266; *In re C.H.*, 89 S.W.3d 17, 25 (Tex.2002). In evaluating the factual sufficiency of evidence supporting termination, an appellate court must consider "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *In re C.H.*, 89 S.W.3d at 25. Legal-sufficiency review is similarly heightened when parental rights have been terminated. *In re J.F.C.*, 96 S.W.3d at 266. Conservatorship determinations, in contrast, are subject to review only for abuse of discretion, and may be reversed only if the decision is arbitrary and unreasonable. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451(Tex.1982).[5] Because different standards apply, evidentiary review that results in reversal of a termination order may not yield the same result for a conservatorship appointment. As we have said, a "finding that must be based on clear and convincing evidence cannot be viewed on appeal the same as one that may be sustained on a mere preponderance." *In re C.H.*, 89 S.W.3d at 25. In light of the differences in the factors that weigh in termination and conservatorship decisions and the differing burdens of proof and standards of appellate review, we conclude that a challenge to the Department's appointment as J.A.J.'s manag-

---

**5.** In a jury trial, a trial court may not render an order in contravention of the jury's findings. Tex. Fam.Code § 105.002(c)(1)(A). Jury findings underlying a conservatorship appointment are subject to ordinary legal and factual sufficiency review. *See, e.g., Corrales.*, 155 S.W.3d at 488.

ing conservator was not subsumed in Jackson's challenge to the termination order.

Consistent with this view are a number of cases from courts of appeals that have treated challenges to termination of parental rights and conservatorship as distinct issues. *See, e.g., Earvin v. Dep't of Family & Prot. Servs.,* 229 S.W.3d 345, 349–51 (Tex.App.-Houston [1st Dist.] 2007, no pet. hist.); *In re J.R.,* 222 S.W.3d 817, 819 (Tex.App.-Houston [14th Dist.] 2007, no pet. hist.); *In re M.C.,* 932 S.W.2d 35, 36 (Tex.App.-Eastland 1995, writ granted), *rev'd on other grounds,* 917 S.W.2d 268 (Tex.1996); *Brokenleg v. Butts,* 559 S.W.2d 853, 854 (Tex.Civ.App.-El Paso 1977, no writ) (reversing termination of parental rights but affirming appointment of grandparent as conservator). Unlike the court of appeals in this case, several courts of appeals have required parents whose rights are terminated to challenge *both* the termination and the appointment of the Department as conservator. *See Earvin,* 229 S.W.3d 345; *In re J.R.,* 222 S.W.3d at 819. These courts do not reverse conservatorship orders when they reverse orders terminating parental rights, absent an independent challenge.

Jackson argues that requiring separate challenges to conservatorship decisions and termination orders will have "nightmarish" results for those who neglect to do so, resulting in the *de facto* termination of parental rights for parents who may not regain custody of their children despite successfully appealing termination. The Family Code, however, guards against that possibility. The trial court retains jurisdiction to modify a conservatorship order if it is in the child's best interest, and the parent's or child's circumstances have materially and substantially changed since the order was rendered. TEX. FAM.CODE §§ 156.001, 156.101. Moreover, the Family Code recognizes a parent's standing to file a suit to modify a conservatorship order. *Id.* §§ 156.001, 102.003(a)(1). When the Department has been named a child's managing conservator, the court "shall hold a hearing to review the conservatorship appointment" at least once every six months until the child becomes an adult. *Id.* §§ 263.002, 263.501. At each hearing, the Department must file a placement-review report in which it addresses "whether the child's parents are willing and able to provide the child with a safe environment" and "the extent of progress made towards alleviating or mitigating" the causes for which the child was removed from his home. *See* TEX. DEP'T OF FAMILY & PROTECTIVE SERVS, CHILD PROTECTION SERVICES HANDBOOK ("DFPS HANDBOOK") § 5353; *see also* TEX. FAM.CODE § 263.307(b). These hearings are mandated by both the Texas Family Code and Title IV of the Social Security Act, sections 422(b)(8)(A)(ii), 471(a)(16), and 475(5)(B), and guarantee that courts will continuously review the propriety of the Department's conservatorship, until a point when the child's family appears capable of providing for the child's best interests. TEX. FAM. CODE §§ 263.002, 263.501. The Department will then ask to be dismissed as the child's managing conservator. *See* DFPS HANDBOOK § 6231.

Accordingly, we grant the Department's petition for review and, without hearing oral argument pursuant to Rule 59.1 of the Texas Rules of Appellate Procedure, reverse the portion of the court of appeals' judgment that reverses appointment of the Department as J.A.J.'s sole managing conservator.