Opinion filed March 10,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00261-CV

                                                    __________

 

                 IN THE
INTEREST OF J.W. AND E.W., CHILDREN



 

                                   On
Appeal from the 326th District Court

 

                                                            Taylor
County, Texas

 

                                                   Trial Court
Cause No. 6299-CX

 



 

                                            M
E M O R A N D U M   O P I N I O N

In
accordance with the jury’s verdict, the trial court terminated the parental
rights of Clark, the father of J.W. and E.W.  It also terminated the mother’s
parental rights; however, she is not a party to this appeal.  We affirm.

Originally,
in earlier proceedings, the trial court appointed the Texas Department of
Family and Protective Services first as temporary managing conservator of the
children and then as managing conservator of the children.  The Department
sought those appointments as well as termination after it received a referral
in which it was reported that Clark had sexually abused his eight-year-old
daughter, E.W.  When interviewed at the Child Advocacy Center, E.W.’s brother,
J.W., reported that Clark kicked and punched him.  E.W. reported that Clark had
orally, vaginally, and anally abused her.

When
the trial court appointed the Department permanent managing conservator, it
provided that the Department would not seek to transfer permanent managing
conservatorship of the children until such time as Clark’s criminal charges
were resolved.  Subsequently, a jury resolved those questions when it convicted
him of three counts of aggravated sexual assault of a child.  The trial court
sentenced Clark to serve three concurrent prison terms of seventy-five years.

After
the criminal cases against Clark were concluded, the Department filed an
amended petition in which, among other things, it sought to terminate each
parent’s parental rights to the children.  As we have said, based upon the
findings of the jury, the trial court terminated both parent’s parental rights.

Clark
presents us with just one issue in this appeal.  He maintains that the trial
court erred when it refused to give an instruction to the jury in accordance
with Tex. Fam. Code Ann. § 263.404(a)(2)
(Vernon 2008).  That section provides that, before a court may enter a final
order in which the Department is appointed managing conservator, it must find
that “it would not be in the best interest of the child to appoint a relative
of the child or another person as managing conservator.”  Based upon the
court’s opinion in In re J.A.J., 243 S.W.3d 611, 615 (Tex. 2007), we
recently held that this section applied only when the trial court does not
order termination.  In re D.O., 2011 WL 173555, No. 11-09-00337-CV
(Tex. App.—Eastland Jan. 20, 2011, no pet. h.).  In the case under
consideration, the trial court ordered termination, and Section 63.404(a)(2)
has no application to this case.  Clark’s sole issue on appeal is overruled.

The
Department advances other theories upon which it suggests that we could base
our decision in this case.  However, in view of our holding that Section
263.404(a)(2) does not apply to this case, we need not discuss those other
theories.

The
judgment of the trial court is affirmed.

 

                                                                                    JIM
R. WRIGHT

                                                                                    CHIEF
JUSTICE

March
10, 2011

Panel consists
of:  Wright, C.J.,

McCall, J., and
Strange, J.