**Opinion filed March 10, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00261-CV

_____

## IN THE INTEREST OF J.W. AND E.W., CHILDREN

**On Appeal from the 326th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 6299-CX**

## M E M O R A N D U M   O P I N I O N

In accordance with the jury's verdict, the trial court terminated the parental rights of Clark, the father of J.W. and E.W. It also terminated the mother's parental rights; however, she is not a party to this appeal. We affirm.

Originally, in earlier proceedings, the trial court appointed the Texas Department of Family and Protective Services first as temporary managing conservator of the children and then as managing conservator of the children. The Department sought those appointments as well as termination after it received a referral in which it was reported that Clark had sexually abused his eight-year-old daughter, E.W. When interviewed at the Child Advocacy Center, E.W.'s brother, J.W., reported that Clark kicked and punched him. E.W. reported that Clark had orally, vaginally, and anally abused her.

When the trial court appointed the Department permanent managing conservator, it provided that the Department would not seek to transfer permanent managing conservatorship of the children until such time as Clark's criminal charges were resolved. Subsequently, a jury resolved those questions when it convicted him of three counts of aggravated sexual assault of a child. The trial court sentenced Clark to serve three concurrent prison terms of seventy-five years.

After the criminal cases against Clark were concluded, the Department filed an amended petition in which, among other things, it sought to terminate each parent's parental rights to the children. As we have said, based upon the findings of the jury, the trial court terminated both parent's parental rights.

Clark presents us with just one issue in this appeal. He maintains that the trial court erred when it refused to give an instruction to the jury in accordance with TEX. FAM. CODE ANN. § 263.404(a)(2) (Vernon 2008). That section provides that, before a court may enter a final order in which the Department is appointed managing conservator, it must find that "it would not be in the best interest of the child to appoint a relative of the child or another person as managing conservator." Based upon the court's opinion in *In re J.A.J.*, 243 S.W.3d 611, 615 (Tex. 2007), we recently held that this section applied only when the trial court does not order termination. *In re D.O.*, 2011 WL 173555, No. 11-09-00337-CV (Tex. App.—Eastland Jan. 20, 2011, no pet. h.). In the case under consideration, the trial court ordered termination, and Section 63.404(a)(2) has no application to this case. Clark's sole issue on appeal is overruled.

The Department advances other theories upon which it suggests that we could base our decision in this case. However, in view of our holding that Section 263.404(a)(2) does not apply to this case, we need not discuss those other theories.

The judgment of the trial court is affirmed.

JIM R. WRIGHT
CHIEF JUSTICE

March 10, 2011

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.