**Opinion filed January 3, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00197-CV

_____

## IN THE INTEREST OF D.C., A CHILD

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. C44764**

## MEMORANDUM OPINION

This is an appeal from an order terminating the parental rights of D.C.'s mother and father. The father appeals. We modify and affirm.

### I. *Issues*

D.C.'s father presents two issues for review. In his first issue, the father contends that the trial court erroneously entered a judgment that was not supported by the findings made by the trial court when it rendered judgment in open court. In the second issue, the father argues that the trial court abused its discretion when it named the Department of Family and Protective Services as D.C.'s managing

conservator. The father does not challenge the sufficiency of the evidence to support termination.

## II. *Judgment Conforming to Findings*

With respect to the father's first issue, the Department concedes: "It is appropriate for the Appellate Court to modify the judgment in accordance with the complaints of the Appellant." The reporter's record reflects that the trial court rendered judgment in open court upon its findings that the father had constructively abandoned D.C. and that the father had failed to comply with the service plan. *See* TEX. FAM. CODE ANN. § 161.001(1)(N), (O) (West Supp. 2013). The written judgment correctly reflects these two grounds for termination but also reflects additional grounds for termination. In accordance with the parties' requests, the order of termination shall be modified to reflect termination of the father's parental rights on grounds (N) and (O) only. The first issue is sustained.

## III. *Conservator*

In his next issue, the father argues that the trial court abused its discretion when it named the Department, rather than the father's mother, as the managing conservator of D.C. We disagree.

The findings necessary to appoint a nonparent as sole managing conservator need only be established by a preponderance of the evidence. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007). Consequently, we review a trial court's conservatorship decision under a less stringent standard of review than the standard for termination. *Id.* A conservatorship determination is subject to review for an abuse of discretion and may be reversed only if that determination was arbitrary and unreasonable. *Id.*

The record shows that D.C. had previously been placed with his paternal grandmother, A.M., but that D.C. had been removed from A.M.'s care after an altercation between A.M.'s sons in the presence of D.C. when A.M. failed to

2

protect D.C.  A.M. testified that she had bonded with D.C. and that she could care for him on a long-term basis.  However, the Department's family-based safety services worker, Connie Crawford, testified that A.M. had previously informed Crawford that A.M. could not care for D.C. on a long-term basis, that A.M. was scared of D.C.'s father, and that A.M. could not protect D.C.  The Department's conservatorship caseworker, Donna Massey, agreed that A.M.'s home assessment was "not terrible."  But Massey testified that A.M. had some referrals that were not good and that the Department disapproved of A.M. as a placement.  Based upon the evidence before the trial court, it was within the trial court's discretion to appoint the Department rather than A.M. to be D.C.'s managing conservator.  We cannot hold that the trial court's ruling was arbitrary or unreasonable.  The father's second issue is overruled.

## IV.  *This Court's Ruling*

We modify the order of termination to delete paragraphs 6.2.1, 6.2.2, and 6.2.5.  As modified, we affirm the trial court's order of termination.

MIKE WILLSON

JUSTICE

January 3, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3