

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00051-CV

**IN THE INTEREST OF H.R.S.**, a Child

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 14-01-0013-CVA
Honorable Melissa Uram-DeGerolami, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                 Rebeca C. Martinez, Justice
                 Patricia O. Alvarez, Justice

Delivered and Filed:  June 10, 2015

AFFIRMED

The trial court signed a final Order of Termination terminating Mother's parental rights to her three children, A.A.R., L.A.G., and H.R.S.  Appellant is the father of H.R.S., who was approximately two and a half years-old at the time of trial.  A.A.R. and L.A.G. have different fathers.  Appellant's, as well as the other fathers', parental rights were also terminated in the order.[1] The Texas Department of Family and Protective Services was named managing conservator of all three children.  On appeal, Appellant raises a single issue, complaining that the trial court erred in naming the Department as H.R.S.'s managing conservator because it would have been better to name his mother.  Appellant contends that the Department plans to place H.R.S. with a foster parent that she has never met so that she can be adopted along with her sisters.

---

[1] Both Mother and Appellant signed affidavits voluntarily relinquishing their parental rights to H.R.S.

Initially, the Department responds that Appellant cannot raise an issue solely on behalf of his mother, who did not file a notice of appeal and was not a party to the underlying lawsuit. We agree that Appellant has no standing to complain of an error that did not harm him. It is well established that a party on appeal may not complain of errors that do not injuriously affect him or that merely affect the rights of others. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000); *In re P.R.*, 994 S.W.2d 411, 416-17 (Tex. App.—Fort Worth 1999, pet. dism'd w.o.j.) (citing *Buckholts Indep. Sch. Dist. v. Glaser,* 632 S.W.2d 146, 150-51 (Tex. 1982)); *see also In re D.C.*, 128 S.W.3d 707, 713 (Tex. App.—Fort Worth 2004, no pet.). Because Appellant's mother did not appeal the judgment, and because Appellant has not demonstrated how he was harmed by the appointment of the Department as H.R.S.'s managing conservator, Appellant lacks standing on appeal to complain of an error affecting his mother's rights, if any.

Even if Appellant did have standing, we would nonetheless conclude that the trial court did not abuse its discretion in naming the Department as managing conservator of H.R.S. *See In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007) (conservatorship determinations are reviewed for abuse of discretion and may be reversed only if the decision is arbitrary and unreasonable). Evidence was presented at trial that Appellant's mother had visited with H.R.S. only four times during the course of the case and that she did not request placement of H.R.S. in her home until just before trial. Appellant's mother agreed that it could be traumatic for H.R.S. to be separated from her siblings. Testimony was also presented that the intended foster mother would be able to meet H.R.S.'s future physical and emotional needs and that she planned to adopt all three siblings. Further, Mother testified that it would be better for H.R.S. to be placed together with her sisters than for H.R.S. to be placed with her paternal grandmother because H.R.S. is bonded to her sisters. In light of this evidence, we cannot conclude that the trial court abused its discretion in appointing

the Department as H.R.S.'s managing conservator. Accordingly, we overrule Appellant's sole issue on appeal and affirm the judgment of the trial court.

Rebeca C. Martinez, Justice