## Fourth Court of Appeals
### San Antonio, Texas


## MEMORANDUM OPINION

No. 04-18-00738-CV

**IN THE INTEREST OF J.J.H.**, a Child

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-02764
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                 Patricia O. Alvarez, Justice
                 Irene Rios, Justice

Delivered and Filed: February 6, 2019

AFFIRMED

Appellant D.P., J.J.H.'s maternal grandmother and long-time caregiver, appeals the trial

court's termination order that she take nothing.[i]  D.P. asserts the trial court abused its discretion

by not appointing her as J.J.H.'s managing conservator because doing so is in J.J.H.'s best interest.

We affirm the trial court's order.

### BACKGROUND

D.P. is J.J.H.'s maternal grandmother.[ii]  D.P. has raised J.J.H. since he was 2–3 years old;

at the time of trial, J.J.H. was twelve years old.  In December 2017, the Department petitioned for

J.J.H.'s removal after D.P., one of D.P.'s daughters, and J.J.H. were arrested for shoplifting smart

---

[i] To protect the minor's identity, we refer to Appellant and the child using aliases.  *See* TEX. R. APP. P. 9.8.
[ii] Although their parental rights to J.J.H. were terminated, neither of J.J.H.'s parents appealed.  D.P. is the sole appellant.  We limit our recitation of the facts to those that pertain to D.P. and J.J.H.

watches. J.J.H. was removed, the Department was designated as temporary managing conservator, and in February 2018, J.J.H. was placed with his paternal grandparents.

In June 2018, D.P. filed a plea in intervention because neither of J.J.H.'s parents were complying with their service plans. She requested that J.J.H.'s parents' rights be terminated and that she be appointed permanent managing conservator for J.J.H. The trial court terminated J.J.H.'s parents' parental rights, but it appointed the Department as J.J.H.'s permanent managing conservator and ordered that D.P., as intervenor, take nothing. D.P. appeals.

## EVIDENCE REQUIRED, STANDARDS OF REVIEW

The evidentiary standards[1] the Department must meet and the statutory grounds[2] the trial court must find to terminate a parent's rights to a child are well known, as are the legal[3] and factual[4] sufficiency standards of review. The standards for a conservatorship determination are different. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007) (contrasting the evidentiary and review standards for parental rights termination with those for conservatorship determinations). The evidentiary standard is a preponderance of the evidence,[5] and we review the decision for an abuse of discretion.[6] We apply the relevant standards to the trial court's determination that it was in J.J.H.'s best interest that D.P. take nothing—that she not be appointed as J.J.H.'s managing conservator.

## BEST INTEREST OF THE CHILD

### A. Courses of Parental Conduct

The trial court found Mom's course of conduct met the statutory grounds for termination (N), (O), and (P), and Dad's conduct met grounds (N), (O), and (Q). *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(N), (O), (P), (Q). The trial court terminated their parental rights to J.J.H., but neither Mom nor Dad appeals.

**B.** **Best Interest of the Child**

Instead, D.P. challenges the legal and factual sufficiency of the evidence supporting the trial court's implied finding that ordering her to take nothing is in J.J.H.'s best interest. *See In re A.C.*, 394 S.W.3d 633, 644 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (citing TEX. FAM. CODE ANN. §§ 153.002, 161.207) ("The primary consideration in determining conservatorship is always the best interest of the child."). The Family Code statutory factors[7] and the *Holley* factors[8] for the best interest of a child are well known. Applying each standard of review and the applicable statutory and common law factors, we examine the evidence pertaining to the trial court's conservatorship determination with respect to J.J.H.'s best interest.

**C.** **Evidence at Trial**

In a one-day bench trial, the trial court heard testimony from the Department case worker. The court also received observations and recommendations from the child's attorney ad litem. The trial court was the "sole judge[] of the credibility of the witness[] and the weight to give [her] testimony." *See City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005); *cf. In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (per curiam). We summarize the testimony below.

**D.** **D.P.'s Criminal History, Care for J.J.H.**

D.P. has been caring for J.J.H. since he was about three years old. D.P., one of her daughters (J.J.H.'s aunt), and J.J.H. were arrested for shoplifting smart watches. When the three were arrested, D.P.'s daughter was caught with methamphetamines. *See* TEX. FAM. CODE ANN. § 263.307(b)(1), (8), (12), (13); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (H)).

D.P. admitted being a shoplifter with at least five arrests. Her first arrest for theft was in the 1980's; her most recent arrest was when she was accompanied by J.J.H. *See* TEX. FAM. CODE ANN. § 263.307(b)(1), (12), (13); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (H)).

**E.  J.J.H.'s Placement**

J.J.H., while living with D.P., had behavioral issues.  Since he was placed with his paternal grandparents, his attitude and his school grades have improved.  The paternal grandmother is better able to parent J.J.H., and she is meeting all his needs.  The paternal grandparents have become certified as foster parents.  They have opened their home to J.J.H.'s siblings, even though J.J.H.'s siblings are not their blood relatives. The paternal grandparents are interested in adopting J.J.H., and the adoption department has started the process.  *See* TEX. FAM. CODE ANN. § 263.307(b)(11), (12), (13); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (F), (G)).

**F.  J.J.H.'s Desires**

J.J.H. is a very bright child, and he wants to stay with his paternal grandparents.  He is getting straight A's in school, and he is trying out for the football team.  *See Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (F), (G)).

**G.  Recommendations**

Both the case worker and the ad litem opined that it was in J.J.H.'s best interest for his parents' rights to be terminated and for him to remain with his paternal grandparents.

#### CONCLUSION

Considering all the evidence under the applicable evidentiary standards, we conclude the trial court did not abuse its discretion by appointing the Department as J.J.H.'s managing conservator and ordering that D.P., as intervenor, take nothing.  *See* TEX. FAM. CODE ANN. § 161.207; *In re J.A.J.*, 243 S.W.3d at 616; *In re L.G.R.*, 498 S.W.3d 195, 207 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).

We affirm the trial court's order.

Patricia O. Alvarez, Justice

[1] <u>Clear and Convincing Evidence</u>.  If the Department moves to terminate a parent's rights to a child, the Department must prove by clear and convincing evidence that the parent's acts or omissions met one or more of the grounds for involuntary termination listed in section 161.001(b)(1) of the Family Code and terminating the parent's rights is in the best interest of the child.  TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2017); *In re J.F.C.*, 96 S.W.3d 256, 261 (Tex. 2002).  The same evidence used to prove the parent's acts or omissions under section 161.001(b)(1) may be used in determining the best interest of the child under section 161.001(b)(2).  *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002); *In re D.M.*, 452 S.W.3d 462, 471 (Tex. App.—San Antonio 2014, no pet.); *see also* TEX. FAM. CODE ANN. § 161.001(b).  The trial court may consider a parent's past deliberate conduct to infer future conduct in a similar situation.  *D.M.*, 452 S.W.3d at 472.

[2] <u>Statutory Grounds for Termination</u>.  The Family Code authorizes a court to terminate the parent-child relationship if, inter alia, it finds by clear and convincing evidence that the parent's acts or omissions met certain criteria.  *See* TEX. FAM. CODE ANN. § 161.001(b).  Here, the trial court found Mom's course of conduct met the following criteria or ground:

(N) constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than six months, and:
(i) the department has made reasonable efforts to return the child to the parent;
(ii) the parent has not regularly visited or maintained significant contact with the child; and
(iii) the parent has demonstrated an inability to provide the child with a safe environment;

(O) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child;

(P) used a controlled substance, as defined by Chapter 481, Health and Safety Code, in a manner that endangered the health or safety of the child, and:
(i) failed to complete a court-ordered substance abuse treatment program; or
(ii) after completion of a court-ordered substance abuse treatment program, continued to abuse a controlled substance; [and]

(Q) knowingly engaged in criminal conduct that has resulted in the parent's:
(i) conviction of an offense; and
(ii) confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition.

*Id.* § 161.001(b)(1).

[3] <u>Legal Sufficiency</u>.  When a clear and convincing evidence standard applies, a legal sufficiency review requires a court to "'look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true.'"  *In re J.L.*, 163 S.W.3d 79, 85 (Tex. 2005) (quoting *J.F.C.*, 96 S.W.3d at 266).  If the court "'determines that [a] reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true,'" the evidence is legally sufficient.  *See id.* (quoting *J.F.C.*, 96 S.W.3d at 266).

[4] <u>Factual Sufficiency</u>.  Under a clear and convincing standard, evidence is factually sufficient if "a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations."  *C.H.*, 89 S.W.3d at 25; *accord In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006).  We must consider "whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding."  *J.F.C.*, 96 S.W.3d at 266; *accord H.R.M.*, 209 S.W.3d at 108.

[5] <u>Conservatorship evidence</u>.  *See* TEX. FAM. CODE ANN. § 105.005 ("Except as otherwise provided by this title, the court's findings shall be based on a preponderance of the evidence."); *L.V. v. Tex. Dep't of Family & Protective Servs.*, 389 S.W.3d 525, 531 (Tex. App.—El Paso 2012, no pet.) ("The trial court's appointment of a managing conservator under Section 161.207 is based on a preponderance of the evidence."); *see also In re A.C.*, 394 S.W.3d 633, 644 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("In determining that appointment of a party as managing conservator is in the child's best interest, the court must consider both the section 263.307 factors and the *Holley* factors described above.").

[6] Conservatorship review. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007) ("Conservatorship determinations . . . are subject to review only for abuse of discretion, and may be reversed only if the decision is arbitrary and unreasonable."); *In re L.G.R.*, 498 S.W.3d 195, 207 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ("We review a trial court's appointment of a nonparent as sole managing conservator for abuse of discretion only."). "[I]n family law cases, the abuse of discretion standard of review overlaps with the traditional sufficiency standard of review; as a result, legal and factual insufficiency are not independent grounds of reversible error, but instead constitute factors relevant to our assessment of whether the trial court abused its discretion." *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied).

[7] Statutory Factors for Best Interest of the Child. The Texas legislature codified certain factors courts are to use in determining the best interest of a child:

    (1)   the child's age and physical and mental vulnerabilities;
    (2)   the frequency and nature of out-of-home placements;
    (3)   the magnitude, frequency, and circumstances of the harm to the child;
    (4)   whether the child has been the victim of repeated harm after the initial report and intervention by the department;
    (5)   whether the child is fearful of living in or returning to the child's home;
    (6)   the results of psychiatric, psychological, or developmental evaluations of the child, the child's parents, other family members, or others who have access to the child's home;
    (7)   whether there is a history of abusive or assaultive conduct by the child's family or others who have access to the child's home;
    (8)   whether there is a history of substance abuse by the child's family or others who have access to the child's home;
    (9)   whether the perpetrator of the harm to the child is identified;
    (10)  the willingness and ability of the child's family to seek out, accept, and complete counseling services and to cooperate with and facilitate an appropriate agency's close supervision;
    (11)  the willingness and ability of the child's family to effect positive environmental and personal changes within a reasonable period of time;
    (12)  whether the child's family demonstrates adequate parenting skills; . . . and
    (13)  whether an adequate social support system consisting of an extended family and friends is available to the child.

TEX. FAM. CODE ANN. § 263.307(b); *see* [citations to cases in COA jurisdiction].

[8] *Holley* Factors. The Supreme Court of Texas identified the following factors to determine the best interest of a child in its landmark case *Holley v. Adams*:

    (A) the desires of the child;
    (B) the emotional and physical needs of the child now and in the future;
    (C) the emotional and physical danger to the child now and in the future;
    (D) the parental abilities of the individuals seeking custody;
    (E) the programs available to assist these individuals to promote the best interest of the child;
    (F) the plans for the child by these individuals or by the agency seeking custody;
    (G) the stability of the home or proposed placement;
    (H) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and
    (I) any excuse for the acts or omissions of the parent.

*Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976) (footnotes omitted); *accord In re E.N.C.*, 384 S.W.3d 796, 807 (Tex. 2012) (reciting the *Holley* factors).