**Affirmed and Memorandum Opinion filed August 13, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00216-CV

## IN THE INTEREST OF S.A.J., A CHILD

**On Appeal from the 315th District Court
Harris County, Texas
Trial Court Cause No. 2018-03601J**

## MEMORANDUM OPINION

In this suit affecting the parent-child relationship, the sole question presented is whether the trial court abused its discretion by restricting Mother's rights to possession and access.

## BACKGROUND

The Texas Department of Family and Protective Services received a referral, alleging that Mother had severe mental health issues that were endangering the life of Child. The referral indicated that Mother had been diagnosed with bipolar disorder, and that she may be suffering from even more problems. There were reports

that she talked to herself, that she had a history of paranoid thoughts, and that she sometimes acted upon certain delusions. On one particular occasion, Mother allegedly choked Child and bit her on the head because Mother believed that Child was possessed by demons.

The Department filed a suit for the protection of Child and was appointed temporary managing conservator. A service plan was prepared for Mother, which required her to address her own mental health needs by submitting to psychiatric and psychological evaluations. The plan also required that Mother refrain from criminal activity. Mother did not complete the evaluations, and during the pendency of this case, she was arrested for attempting to hit a rental car salesman with her car. She was released from the county jail, but then arrested again for assaulting a police officer.

In the meantime, the trial court placed Child with Father, who lived in another state. During a follow-up interview, Child told the trial court that she did not feel safe around Mother. Child said that Mother was "out of control," that she talked to herself, and that she acted erratically. Child described the choking and biting incident, and she said that Mother would also pinch her every night as she fell asleep. Child also described how Mother would pull the car over on the side of the highway and then get out to look at the sun. Child said that Mother never slept at night, and that one time while driving, Mother dozed off and caused the car to roll over a hill, sending both of them into the hospital with injuries. Child said that she wanted "a permanent stay" with Father, and that she did not want any contact with Mother, not even over the phone.

The Department petitioned to terminate Mother's parental rights, but during the trial on the merits, the Department abandoned its request for termination, in part because the Department believed that Child was young and that she might have a

change of heart later, and in other part because the Department could not get a recommendation from Child's therapist about whether Mother's rights should be terminated. In lieu of termination, the Department requested "that the Court award the father sole managing conservatorship of [Child] and that the mother be a possessory conservator; however, with no PC rights and an order that she have no contact with the child."

The trial court signed a judgment that granted the Department's request. The judgment provides that Father is the sole managing conservator, that Mother is the possessory conservator, and that Mother "shall have no rights or duties with respect to the child . . . and is denied all access to the child." The judgment further provides that Mother may "have no contact via any means with the child."

Mother now appeals from this judgment.

## ANALYSIS

Mother does not challenge Father's appointment as sole managing conservator or her own appointment as possessory conservator. Her only appellate complaint is that the trial court did not award her any rights of possession or access.

We review a trial court's determination on questions of conservatorship for an abuse of discretion. *See In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007). And in deciding whether the trial court abused its discretion here, we begin with the statutory rule that a trial court may limit the rights and duties of a parent appointed as a possessory conservator if the court makes a written finding that the limitation is in the best interest of the child. *See* Tex. Fam. Code § 153.072. The trial court made such a finding in this case, writing in its judgment that the restrictions on Mother's possession and access do "not exceed the restrictions needed to protect the best interest of the child."

3

Mother has not argued that the evidence is insufficient to support this best-interest finding. Instead, Mother has made the purely legal argument that, as a possessory conservator, she is entitled to some possession and access, even if the possession and access are supervised.

In support of this argument, Mother relies largely on Section 153.191 of the Texas Family Code and the cases interpreting it. We begin with the statute, which provides as follows:

> The court shall appoint as a possessory conservator a parent who is not appointed as a sole or joint managing conservator unless it finds that the appointment is not in the best interest of the child and that parental possession or access would endanger the physical or emotional welfare of the child.

Despite Mother's argument, nothing in this provision specifically guarantees a possessory conservator any degree of possession or access. Nevertheless, Mother believes that if a parent is appointed as a possessory conservator, then there is an implication that possession or access would not endanger the physical or emotional welfare of the child. That implication may be true in most cases, but not necessarily all of them.

The statute as written merely provides a default rule that a parent not appointed as a managing conservator must be appointed as a possessory conservator unless both of the following two conditions are met: (1) the appointment of the parent as a possessory conservator would not be in the best interest of the child, and (2) possession and access by that parent would endanger the physical or emotional welfare of the child. The trial court here could have reasonably concluded that the second condition was met, as there was ample evidence that Mother physically and emotionally abused Child as a result of her mental health problems. But the trial court could have also concluded that the first condition was not met. Specifically,

4

the trial court could have found, consistent with the trial testimony, that appointing Mother as a possessory conservator was in the best interest of Child because the appointment would leave open the possibility of a modification at a later date in the event that Child's attitudes towards Mother matured or Mother rehabilitated herself by addressing her mental health needs.

Mother asserts that the opposite conclusion is required by *In re Walters*, 39 S.W.3d 280 (Tex. App.—Texarkana 2001, no pet.), which recognized that the "appointment of a parent as possessory conservator implies a finding that access by that parent will not endanger the physical or emotional welfare of the child." *Id.* at 286. But that case further recognized that there may still be situations in which a trial court may completely deny a possessory conservator access to her child, which undermines Mother's position in this appeal. *Id.* at 287 (observing that the complete denial of access is "technically" permissible under Section 153.191, but remarking that such denials "should be rare"). Our court has made that same recognition. *See Brandon v. Rudisel*, 586 S.W.3d 94, 107 (Tex. App.—Houston [14th Dist.] 2019, no pet.) ("The law permits courts to order a complete denial of possession of an access to a parent's children only in extreme circumstances.").

Mother also relies on *In re Marriage of Collier*, 419 S.W.3d 390 (Tex. App.—Amarillo 2011, no pet.), but that case merely restated certain language from *Walters*, and it did not hold as a matter of law that a trial court could not completely deny a possessory conservator access to her child. Instead, the court there considered whether a complete denial of access was in the best interest of the child. *Id.* at 399.

Mother finally relies on *Roosth v. Roosth*, 889 S.W.2d 445 (Tex. App.—Houston [14th Dist.] 1994, writ denied), but that case is not analogous either because it applied a former section of the Texas Family Code, which was repealed in 1995.

*See In the Interest of K.A.M.S.*, 583 S.W.3d 335, 345 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (distinguishing *Roosth* on that same basis).

Furthermore, *Roosth* predated the enactment of Section 153.004(d), which specifically prohibits the trial court from allowing a parent to have access to a child if the evidence establishes that the parent has a history or pattern of committing family violence during the two years preceding the date of the filing of the suit. The record contains such evidence here: Child said that Mother bit, choked, and pinched her, among other acts of physical abuse. If the trial court credited Child's statements, and we must presume that it did, then the trial court was required by statute to deny Mother all access to Child. Because the trial court's judgment complies with this statutory requirement, we cannot say that the trial court abused its discretion. *See In the Interest of F.A.*, No. 02-16-00156-CV, 2017 WL 632913, at *4–5 (Tex. App.— Fort Worth Feb. 16, 2017, no pet.) (mem. op.) (holding that the trial court did not abuse its discretion by appointing the father as a possessory conservator and then denying him all rights to possession and access based on his history of family violence).

## CONCLUSION

To summarize this opinion, there is no statutory requirement that a trial court must grant a possessory conservator a certain degree of possession and access. The Family Code actually provides that the trial court may limit the rights of a possessory conservator if that limitation is in the best interest of the child. In some cases, the trial court's limitation may amount to a complete denial of possession and access, especially where, as here, there was evidence of family violence. Because Mother has not challenged the evidentiary basis for the trial court's judgment, we overrule her purely legal argument that the trial court erred by not awarding her any rights to possession and access.

The trial court's judgment is affirmed.


/s/     Tracy Christopher
        Justice


Panel consists of Justices Christopher, Jewell, and Hassan.