

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-20-00367-CV

In the Interest of **G.E.T.**, a Child

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-PA-00671
Honorable Laura Salinas, Judge Presiding

Opinion by: Irene Rios, Justice

Sitting: Rebeca C. Martinez, Chief Justice
Patricia O. Alvarez, Justice
Irene Rios, Justice

Delivered and Filed: January 13, 2021

REVERSED AND REMANDED

This appeal involves conservatorship of a four-year-old child, G.E.T. In a single issue, the child's father, R.T., argues the trial court abused its discretion by appointing him and the child's grandmother, E.C., as joint managing conservators when the presumption requiring the appointment of a parent as sole managing conservator was not rebutted. We sustain R.T.'s sole issue, reverse the trial court's judgment, and remand for entry of judgment appointing R.T. the sole managing conservator of G.E.T.

### BACKGROUND

The child, G.E.T., was born in April 2016. After the relationship between R.T. and the child's mother, D.B., ended, the child remained in D.B.'s care. In April 2018, the Department became concerned about D.B.'s drug use and her then-boyfriend and filed a petition for termination

of parental rights. The trial court removed the child from D.B.'s care, appointed the Department temporary managing conservator, and placed the child with R.T.'s ex-wife, D.T. Thereafter, the child's maternal grandmother, E.C., filed a petition in intervention seeking managing conservatorship of the child.

In April 2019, the trial court held a bench trial on the Department's petition for termination. At trial, the Department did not seek termination of R.T.'s parental rights; it only sought termination of D.B.'s parental rights. The undisputed evidence showed that R.T.'s behavior was not the reason for the child's removal; that R.T. completed all the requirements of his service plan; that R.T. never tested positive for drugs during the case; and that R.T. maintained appropriate and consistent visits with the child. At the end of trial, the Department, the child's attorney ad litem, and R.T. asked the trial court to appoint R.T. as joint managing conservator of the child along with D.T., who was the child's foster mother at the time. However, E.C. and D.B. asked the trial court to appoint E.C. as the child's managing conservator. In its judgment, the trial court appointed E.C. as the child's sole managing conservator with D.B. and R.T. as the child's possessory conservators. R.T. appealed the judgment.

In R.T.'s first appeal, we held "the statutory presumption in favor of the father being designated a managing conservator of the child was not rebutted by a preponderance of the evidence and the trial court abused its discretion in designating the maternal grandmother E.C. as the managing conservator of G.E.T." *In re G.E.T.*, No. 04-19-00475-CV, 2020 WL 20152, at *4 (Tex. App.—San Antonio Jan. 2, 2020, no pet.). We reversed the trial court's judgment and remanded the case to the trial court for proceedings consistent with our opinion. *Id.*

On remand, the trial court held a brief hearing at which no evidence was presented. After this hearing, the trial court signed a judgment appointing E.C. and R.T. as the child's joint managing conservators, with E.C. having the exclusive right to designate the child's primary

residence. The trial court's judgment also awarded R.T. possession of the child in accordance with a standard possession order and ordered R.T. to pay E.C. monthly child support and notify E.C. of any change of employer.[1] R.T. appealed the judgment on remand.

## DISCUSSION

In a single issue, R.T. argues the trial court abused its discretion by appointing E.C. as a joint managing conservator and by not appointing him as sole managing conservator because the parental presumption was never rebutted.

We review conservatorship determinations for an abuse of discretion, reversing only when the trial court's decision is arbitrary and unreasonable. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007). "The presumption that the best interest of a child is served by awarding custody to a natural parent is deeply embedded in Texas law." *Lewelling v. Lewelling*, 796 S.W.2d 164, 166 (Tex. 1990). The Texas Family Code "creates a strong presumption in favor of parental custody and imposes a heavy burden on a nonparent." *Id*. at 167. When determining conservatorship between a parent and a nonparent, a strong presumption exists that appointing a parent as the sole managing conservator is in the child's best interest. *See Danet v. Bhan*, 436 S.W.3d 793, 796 (Tex. 2014) ("The law establishes a preference in favor of a child's parents . . . providing that courts 'shall' appoint the child's parent . . . as the child's sole managing conservator . . . ."). Section 153.131(a) of the Texas Family Code provides:

> [U]nless the court finds that appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development, *a parent shall be appointed sole managing conservator* or both parents shall be appointed as joint managing conservators of the child.

---

[1]The trial court's judgment on remand also appointed D.B. as possessory conservator of G.E.T., awarded D.B. supervised visitation as agreed to in advance by E.C., and ordered D.B. to pay E.C. child support and notify E.C. of any change of employer.

TEX. FAM. CODE § 153.131(a) (emphasis added). Thus, when both a parent and a nonparent seek conservatorship, Texas law requires that the child's parent be appointed sole managing conservator, absent a proper finding that the appointment of the parent as a sole managing conservator would significantly impair the child's physical health or emotional development. *See id.; Danet*, 436 S.W.3d at 796.

In our previous opinion, we held that the statutory presumption in favor of R.T.'s appointment as the child's managing conservator was not rebutted by a preponderance of the evidence and we remanded the case for proceedings consistent with our opinion. *See G.E.T.*, 2020 WL 20152, at *4. As we stated in our previous opinion, without the proper evidence to rebut the parental presumption, the law required the trial court to appoint R.T. as the child's sole managing conservator. *See id*., at *3 ("The parental presumption is codified in section 153.131 of the Family Code which provides that a parent . . . must be appointed sole managing conservator[]" unless the appointment would significantly impair the child's physical health or emotional development); *see also* TEX. FAM. CODE 151.131 (providing that absent a finding that appointment of the parent "would significantly impair the child's physical health or emotional development, a parent shall be appointed sole managing conservator."). On this record, we hold the trial court abused its discretion by appointing a nonparent, E.C., as the child's joint managing conservator, and by failing to appoint R.T. as the child's sole managing conservator. We sustain R.T.'s sole issue.

## CONCLUSION

The trial court's judgment is reversed, and this case is remanded to the trial court for entry of a judgment that: (1) appoints R.T. as the sole managing conservator of G.E.T. with all the corresponding rights and duties of a sole managing conservator, including the right to receive child support from D.B.; (2) denies all relief sought in E.C.'s petition in intervention; (3) deletes all

references to joint managing conservatorship; and (4) deletes all provisions ordering R.T. to pay child support to E.C. and to notify E.C. of any change of employer.

Irene Rios, Justice