**Opinion filed March 21, 2019**



# In The

# Eleventh Court of Appeals

_____

## No. 11-17-00340-CV

_____

## IN THE INTEREST OF M.T. AND J.T., CHILDREN

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CV34652**

## MEMORANDUM OPINION

Appellant is the mother of the children that are the subject of this suit, M.T. and J.T.   In a single issue, Appellant appeals the trial court's order appointing G.A. and G.A., both nonparents,[1] as the permanent managing conservators of the children. We affirm.

### *Background Facts*

This appeal arises from a final order entered in a suit affecting the parent-child relationship with the children, M.T. and J.T.  The two children that are the subject

---

[1]G.A. and G.A. are the paternal grandparents of J.T.  The trial court also found that G.A. and G.A. have had "substantial past contact" with M.T.  We will refer to G.A. and G.A. as "the grandparents."

of this appeal are the eldest of Appellant's five children. At the time of the hearing, M.T. was ten years old and J.T. was eight years old.

In April 2017, the Department of Family and Protective Services initiated an investigation after another of Appellant's children, K.A.D., suffered a serious injury while in Appellant's care. K.A.D.'s foot was "halfway cut off by a lawnmower." The investigation revealed that three individuals living in the home were using methamphetamine and that one of these individuals was operating the lawnmower that harmed the child. Appellant testified that she did not use methamphetamine but that she was aware that drug use was occurring within the home.

Following this investigation, the Department implemented a family-based safety plan. The plan required Appellant to prohibit the three methamphetamine users from being near the children. Appellant did not comply with the terms and conditions of this plan; the Department subsequently observed the prohibited individuals in the home. As a result, in June 2017, the Department removed all five of Appellant's children from the home.

Subsequently, the Department filed a suit for protection of a child, for conservatorship, and for termination. The grandparents filed a petition in intervention seeking appointment as the sole managing conservators of M.T. and J.T. The grandparents were named as temporary managing conservators of M.T. and J.T. in August 2017. The grandparents' suit was severed, and the trial court dismissed the Department, ad litem attorneys, and CASA volunteers.

The case proceeded to a final hearing on the grandparents' suit. After the final hearing, the trial court entered an order that appointed the grandparents as the nonparent sole managing conservators of both children. The trial court found that such appointment was in the best interest of the children and that the children's physical health and emotional well-being would be significantly impaired if the

parents were appointed as joint managing conservators. Appellant was appointed as the children's possessory conservator.[2]

*Analysis*

In her sole issue on appeal, Appellant asserts that the evidence is insufficient to overcome the presumption that a parent should be appointed as the managing conservator of the children. Specifically, Appellant contends that the evidence is insufficient to support the trial court's finding that she presents a continuing danger to the health and safety of the children. We disagree.

We review the trial court's conservatorship determination for abuse of discretion. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007); *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). Under this standard, legal and factual sufficiency challenges are not independent grounds of error but factors used to determine whether the trial court abused its discretion. *In re K.S.*, 492 S.W.3d 419, 426 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *In re E.S.H.*, No. 11-14-00328-CV, 2015 WL 2353349, at *1 (Tex. App.—Eastland May 14, 2015, no pet.) (mem. op.). A trial court abuses its discretion by acting unreasonably, arbitrarily, or without reference to guiding principles. *In re K.S.*, 492 S.W.3d at 426. "A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support its decision." *Id.* However, the best interest of the children are always the primary consideration of the court in determining managing conservatorship. TEX. FAM. CODE ANN. §153.002 (West 2014).

Appellant relies on Section 262.201(g) of the Texas Family Code to assert that the trial court abused its discretion in appointing the grandparents as the sole managing conservators. *See* FAM. § 262.201(g) (West Supp. 2018). This section of

---

[2]Both children have different biological fathers. The trial court appointed M.T.'s father as her possessory conservator; however, J.T.'s father was not appointed as a possessory conservator on grounds that doing so would significantly impair J.T.'s physical health or emotional well-being. Neither father is a party to this appeal.

the Family Code is applicable to suits by governmental entities to protect the health and safety of the child. *See id.* §§ 262.001–.353. While this suit started as a proceeding filed by the Department, the Department was subsequently dismissed as a party, and the grandparents' intervention suit was severed and transferred to another court. Accordingly, Chapter 262 of the Texas Family Code was no longer applicable to this proceeding. Instead, Section 153.131 governs the grandparents' suit. *See* FAM. § 153.131.

Although trial courts are afforded broad discretion in deciding family law questions, the legislature has explicitly limited the exercise of that discretion when a nonparent seeks to be appointed as a managing conservator. *Danet v. Bhan*, 436 S.W.3d 793, 796 (Tex. 2014). When a court determines conservatorship between a parent and a nonparent, a presumption exists that appointing the parent as the sole managing conservator is in the child's best interest; this presumption is deeply embedded in Texas Law. FAM. § 153.131; *Danet*, 436 S.W.3d at 796. Section 153.131(a) provides:

> [U]nless the court finds that appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development, a parent shall be appointed sole managing conservator or both parents shall be appointed as joint managing conservators of the child.

FAM. § 153.131(a).

The statutory language in Section 153.131(a) creates a strong presumption in favor of parental custody and imposes a heavy burden on a nonparent. *Lewelling v. Lewelling*, 796 S.W.2d 164, 167 (Tex. 1990). The nonparent may rebut the presumption with affirmative proof, by a preponderance of the evidence, that appointing the parent as managing conservator would significantly impair the child, either physically or emotionally. *Id.*; *see also In re J.A.J.*, 243 S.W.3d at 616.

Usually, the nonparent must present evidence that shows a parent's acts or omissions will have a detrimental effect on the children's physical health or emotional development. *In re S.T.*, 508 S.W.3d 482, 492 (Tex. App.—Fort Worth 2015, no pet.); *see Lewelling*, 796 S.W.3d at 167. Evidence of acts or omissions that may constitute significant impairment include, but are not limited to, physical abuse, severe neglect, drug or alcohol abuse, immoral behavior, parental irresponsibility, and an unstable home environment. *In re S.T.*, 508 S.W.3d at 492.

Appellant did not contest the evidence offered during the final hearing. Three witnesses testified at trial: Appellant and the grandparents. The evidence reflects that there was a long history of drug use among Appellant's family and friends. Appellant testified that the three individuals using methamphetamine in the home were the children's maternal grandmother, the grandmother's boyfriend, and Appellant's boyfriend, Joshua Largent. This history led the Department to investigate Appellant on six different occasions since 2011.[3] After an investigation in 2012, the Department removed the children from the home due to methamphetamine use, and the grandparents were given access to J.T. While not determinative, a parent's past conduct may have some bearing on future conduct. *See In re B.B.M.*, 291 S.W.3d 463, 469 (Tex. App.—Dallas 2009, pet. denied). This history gave both grandparents cause for concern regarding the children's health and safety.

The trial court heard testimony that Appellant was still associating with an individual who was known to be involved with drugs and who was facing allegations of sexual abuse against another one of Appellant's children. Appellant testified that she was still in a relationship with Largent and that he tested positive for methamphetamine and marihuana use after the safety plan was put in place.

---

[3]The record shows that the Department investigated Appellant in 2011, 2012, 2013, 2015, 2016, and 2017.

Appellant and Largent were living together, but he was only home one day a week. Appellant continued the relationship even after one of her children made an outcry of sexual abuse against Largent, which was being investigated at the time of trial. M.T. corroborated the outcry made by the other child. The grandparents testified that they were concerned for the children's safety with regard to being around Largent. Furthermore, the grandmother testified that M.T. made an outcry of sexual abuse against her own father, which was also being investigated. The failure of a parent to remove a child from an unstable environment is an example of a specific, identifiable behavior that may rebut the parental presumption. *In re R.F., Jr.*, No. 04-17-00582-CV, 2018 WL 1308542, at *2 (Tex. App.—San Antonio Mar. 14, 2018, no pet.) (mem. op.).

Regarding the children's emotional development, the trial court heard testimony about the emotional instability that followed Appellant's visits with the children. Pursuant to the temporary orders, Appellant could visit the children with the grandparents' permission for no less than two hours every other week. Within a couple of hours after the visits with Appellant, M.T. would start harming herself. Both children would also scream, yell, and throw fits after visits with Appellant. The grandparents testified that the children's emotional well-being would be significantly impaired if Appellant was appointed as the children's managing conservator. Evidence of disruptive or uncharacteristic behavior after the child's visit with a parent is some evidence of significant impairment of emotional development. *See In re J.C.*, 346 S.W.3d 189, 195 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

Furthermore, while the children were living with the grandparents, Appellant did not initiate any visitation with the children or pay child support. Appellant did not initiate a visit with the children until the week before the bench trial in December 2017. The grandmother testified that she set up times for Appellant to visit in

September and October and that Appellant did visit with the children then. The last visit that the grandparents initiated was on October 10. Appellant did not reach out the entire month of November to see the children. While not determinative, Appellant also failed to pay any child support or otherwise provide for the children. The failure to visit and inconsistent communication with the children constitutes some evidence that supports the trial court's significant impairment finding. *In re S.T.*, 508 S.W.3d at 492.

After reviewing the record, we hold that the trial court did not abuse its discretion when it appointed the grandparents to be the children's sole managing conservators. The evidence supports the trial court's findings that the children's physical health or emotional development would be significantly impaired if Appellant were appointed as the managing conservator. Therefore, the grandparents sufficiently rebutted the parental presumption. *See* FAM. §153.131(a). Appellant's sole issue is overruled.

*This Court's Ruling*

We affirm the order of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

March 21, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[4]

Willson, J., not participating.

---

[4]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.