

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00237-CV

_____

IN THE INTEREST OF A.C., A.C., A.C., AND A.C., CHILDREN

On Appeal from the 323rd District Court
Tarrant County, Texas
Trial Court No. 323-107768-18

Before Gabriel, Kerr, and Bassel, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I.  Introduction

This is a child-protection case in which Appellant Father appeals from the final order in a suit affecting the parent–child relationship that appoints the Texas Department of Family and Protective Services as managing conservator of A.C., A.C., A.C., and A.C. (collectively, the children); that appoints Foster Parents as possessory conservators of the children; and that grants Father and Appellee Mother supervised visitation with the children.  In a single issue, Father argues that the trial court reversibly erred by appointing Foster Parents as possessory conservators of the children based on Mother's pleading.  Other than this argument, Father raises no challenge that the trial court abused its discretion in the resolution of the conservatorship issues.  Because the record conclusively shows that Mother's motion to modify possessory conservatorship was not filed in the underlying trial court cause number and was therefore not considered by the trial court, we affirm.

## II.  Background

The children were removed from Father in July 2018 after he placed them in danger while driving intoxicated with them in the car, running a stop light, and hitting another vehicle; the wreck caused serious injury to one of the children.  The children were placed in foster care and had been in Foster Parents' care for ten or eleven months at the time of the final hearing.

In April 2019, the Department filed a motion to modify possessory conservatorship. In its motion, the Department requested that the trial court appoint V.B., whose relationship to the children was listed as fictive kin and was described as "family friend," as the children's temporary possessory conservator.

The November 2018 home study on V.B., who had never had a relationship with the children, reflected that she felt that she might "not be the best candidate for a permanent placement[] but [was] willing to help" with the children in order to give Father "the opportunity to get back on track." V.B. also reported that she had criminal history: (1) an arrest in 1993 for theft greater than or equal to $20 but less than $200, for which the case was dismissed; and (2) an arrest in 1993 for theft greater than or equal to $20 but less than $200, for which she was placed on probation for one year and was fined $200. The home study also revealed that V.B. takes medication for diabetes and to regulate her blood pressure and that she has been on disability since 2015 for a pinched nerve disorder in her back and neck.

At the outset of the final hearing, the parties stipulated to having the Department named as the children's permanent managing conservator without terminating Father's and Mother's parental rights. The crux of the hearing was the appointment of the children's possessory conservator. The Department's April 2019 motion to modify sought to have V.B. appointed as the children's possessory conservator, while Mother claimed to have a motion on file seeking to have Foster Parents appointed as the children's possessory conservators. Father argued that

3

Mother's motion was an attempt to file an affirmative pleading for Foster Parents, who had not intervened in the case.

Before the presentation of evidence, Mother's counsel asked the trial court to base its possessory conservatorship ruling solely on the State's motion and to defer a finding on Mother's motion. At the conclusion of the final hearing, Mother's attorney alerted the trial court that Mother's motion to modify possessory conservatorship was not part of the trial court's file because he had put the wrong cause number on the motion. The trial court then set forth its ruling on the State's motion as follows:

> Regarding possessory conservatorship, based on a preponderance of the evidence, the Court must deny the Department's motion for placement with [V.B.] The Court does not find by a preponderance of the evidence that it is in the children's best interest at this time for multiple reasons.
>
> The Court ha[s] serious concerns about a lot of focus from dad's testimony and from [V.B.] herself about reuniting the children with dad. . . .
>
> Another concern the Court has was that the home study -- it appears as though the Department is trying to fit a square peg in a round hole. It's extremely disappointing that this thing was so old and there were so many problems, which weren't even addressed until it seems recently, as kind of a "let's hurry up and get ready for final trial or a final hearing," and that is extremely concerning, because [V.B.] couldn't confirm how long she'd be a permanent placement. And so that coupled with the idea that she was, you know, helping him -- I'm glad she wanted to step up to help him get the kids back, but those two combinations, her being unsure about the permanency of placement with her and whether or not she could be -- how long she was willing to be and being concerned with getting them back with dad is alarming.
>
> She did appear to be very unfamiliar with the children's dietary needs. Even knowing that the final hearing was coming up, she wasn't -- she couldn't answer questions about their dietary needs to the point

4

where it satisfied the Court that it would be in their best interest to be placed with her.

Although the Court did not consider her criminal history being an issue because it is so old and she seems to be a very responsible mother, caregiver at this point, the Court has concerns that when questioned about her criminal history[,] she seemed to kind of minimize it, and that was very alarming, as well. And she appeared angry and defensive, and that was alarming to the Court.

The Court also has concerns of her physical ability. Just weighing the different testimony about her being on disability and having a pinched nerve and having one of these children that has some -- by multiple [witnesses'] testimony that has some outbursts and has to be physically restrained at times, that is a concern.

It's also a concern that, again, the home study was done so long ago, and the purported childproofing of the home seems to have just happened recently. And a big concern, as well, is that she was not made aware of the safety plan, which, to the Court's understanding, has been implemented for a long period of time.

. . . .

*At this time, given that [Mother's] pleading is technically not on file as a procedure, I mean, I don't believe I can hear [Mother's] motion to modify at this point.* However -- or motion for placement, I'm sorry, with the foster parents, but given this is a final hearing and Court has discretion to make orders in the best interest of the children, I am going to order that the foster parents are possessory conservators, with mom and dad being possessory conservators having supervised visits, supervised by the Department. [Emphasis added.]

The trial court ultimately signed a "Final Order In Suit Affecting The Parent–Child Relationship" reflecting the appointment of the Department as the children's permanent managing conservator, denying the Department's motion to modify possessory conservatorship, appointing Foster Parents as the children's possessory

conservators, and allowing Father and Mother supervised visits with the children. This appeal followed.

### III.  The Trial Court Did Not Abuse Its Discretion by Appointing Foster Parents as Possessory Conservators

In his sole issue, Father argues that the trial court reversibly erred by appointing Foster Parents as possessory conservators of the children based on Mother's motion to modify possessory conservatorship.  Just as in the trial court, Father argues that Mother, through her motion, represented the interests of Foster Parents, who had not intervened and did not have standing to intervene because the children had not been in their home for at least twelve months.  *See* Tex. Fam. Code Ann. § 102.003(a)(12).

We review conservatorship determinations for an abuse of discretion.  *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007); *In re S.T.*, 508 S.W.3d 482, 489 (Tex. App.—Fort Worth 2015, no pet.).  A trial court abuses its discretion if it acts arbitrarily and unreasonably or without reference to guiding principles.  *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011); *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007).  Legal and factual sufficiency are not independent grounds of error in modification cases, but they are relevant factors in deciding whether the trial court abused its discretion.  *In re T.D.C.*, 91 S.W.3d 865, 872 (Tex. App.—Fort Worth 2002, pet. denied) (op. on reh'g). Moreover, a court's primary consideration in determining the issue of conservatorship must always be the best interest of the child.  Tex. Fam. Code Ann. § 153.002; *J.A.J.*, 243 S.W.3d at 614.

Here, the record before us, just like the record before the trial court, does not contain a motion filed by Mother advocating for the appointment of Foster Parents as the children's possessory conservators. The trial court, as it stated at the close of the hearing, did not base its possessory conservatorship appointment on a motion filed by Mother. We agree with Mother's counsel's assessment that Father cannot "retrofit the unfavorable result to a pleading that was never filed or ruled on and which could not and did not have any bearing on the result of the trial." The trial court thus could not and did not abuse its discretion by appointing Foster Parents as the children's possessory conservators based on Mother's motion to modify conservatorship that was not filed in the underlying case and which the trial court explicitly stated that it was not hearing. Father does not challenge the trial court's possessory conservatorship appointment on any other ground.[1] We therefore overrule Father's sole issue.

---

[1]Nor does the record reveal that the trial court abused its discretion generally by appointing Foster Parents as the children's possessory conservators. The record reflects that the trial court considered the Department's motion requesting that V.B. be appointed as the children's possessory conservator and denied that motion after hearing evidence that demonstrated that it was not in the children's best interest to be placed with V.B. The trial court further concluded that it was in the children's best interest for Foster Parents, whom the children had lived with for ten or eleven months and who had gone "above and beyond" in meeting the children's needs, to be appointed as the children's possessory conservators. The trial court thus made the best interest of the children its primary consideration and did not act arbitrarily and unreasonably or without reference to guiding principles. *See* Tex. Fam. Code Ann. § 153.002; *Iliff*, 339 S.W.3d at 78; *J.A.J.*, 243 S.W.3d at 614.

## IV. Conclusion

Having overruled Father's sole issue, we affirm the trial court's order.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: September 19, 2019